# EXHIBIT L

IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY,
PENNSYLVANIA
CIVIL ACTION LAW

| | |
|---|---|
| CHRISTINE BIROS )<br>    Plaintiff )<br> )<br>vs )<br> )<br>DENISE SCHUR, Executrix of the ESTATE )<br>OF ALEX SCHUR, HENRY L. MOORE )<br>and SUSAN STANO, Co-Executors of the )<br>ESTATE OF NICHOLAS SCHUR, )<br>KATHLEEN S. WALTER, Executor of the )<br>ESTATE OF MICHAEL SCHUR, )<br>CYNTHIA SARRIS, Administrator of the )<br>ESTATE OF ANN SARRIS and U LOCK INC., )<br>a Pennsylvania corporation, )<br>    Defendants ) | No. 4886 CJ 2017 |

**TYPE OF PLEADING:**

   PETITION TO STRIKE ORDER OF JANUARY 20, 2022, ENTERED JANUARY 24, 2022; MOTION TO COMPLY WITH RULE 236 AND TO NOTE THE DOCKET OF THE DATE OF COMPLIANCE; MOTION TO CORRECT THE DOCKET; MOTION TO COMPEL DISCLOSURE OF EX PARTE COMMUNICATIONS; AND/OR MOTION FOR LEAVE TO FILE NOTICE OF APPEAL *NUNC PRO TUNC*.


**FILED ON BEHALF OF:**

   U Lock Inc., a Pennsylvania Corporation


**COUNSEL OF RECORD:**

   J. ALLEN ROTH, ESQUIRE
   PA ID # 30347
   805 S. Alexandria
   Latrobe, PA 15650
   (724) 537-0939

FILED
PROTHONOTARY'S OFFICE
WESTMORELAND COUNTY
2022 MAR 17 A 10: 24
GINA O'BARTO
TIME IN

IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY,
PENNSYLVANIA
CIVIL ACTION LAW

| | |
|---|---|
| CHRISTINE BIROS )<br>    Plaintiff )<br> )<br>vs )<br> )<br>DENISE SCHUR, Executrix of the ESTATE )<br>OF ALEX SCHUR, HENRY L. MOORE )<br>and SUSAN STANO, Co-Executors of the )<br>ESTATE OF NICHOLAS SCHUR, )<br>KATHLEEN S. WALTER, Executor of the )<br>ESTATE OF MICHAEL SCHUR, )<br>CYNTHIA SARRIS, Administrator of the )<br>ESTATE OF ANN SARRIS and U LOCK INC., )<br>a Pennsylvania corporation, )<br>    Defendants ) | No.  4886 CJ 2017 |

**PETITION TO STRIKE ORDER OF JANUARY 20, 2022; MOTION TO COMPLY WITH RULE 236 AND TO NOTE THE DOCKET OF THE DATE OF COMPLIANCE; MOTION TO CORRECT THE DOCKET; MOTION TO COMPEL DISCLOSURE OF EX PARTE COMMUNICATIONS; AND/OR MOTION FOR LEAVE TO FILE NOTICE OF APPEAL *NUNC PRO TUNC.***

NOW COMES, U LOCK INC., a Pennsylvania Corporation, by and through its counsel, J. Allen Roth, Esquire, which submits this motion for the captioned relief:

1. Either pursuant to an *ex parte* communication or *sua sponte*, this Court entered an Order on January 20, 2022, directing that certain deeds be transferred from the Court's vault to the Plaintiff in this case. This occurred even though the Pennsylvania Supreme Court did not remit the record. *But see* Pa.R.A.P. 1701 (divesting jurisdiction during appellate proceedings). The Order is clearly *void ab initio* and must be stricken.

2. The Order of Court contains no indication that it was sent to the undersigned. There is no "cc" on the Order or indication that it was served or mailed to counsel for U Lock. Counsel for U Lock neither received of the intention to request an Order nor the Order itself.

3. The Plaintiff did not serve any motion and no motion exists on the docket. It appears that the communication was purely *ex parte.*

4. U Lock would have opposed the motion because the deeds cannot lawfully be from the seller to Plaintiff. Rather, this Court held that the deeds to U Lock were lawful and it did not extinguish them. On the contrary, this Court held that U Lock held the property as trustee in a constructive trust for the benefit of the Plaintiff. To be lawful, this Court needed to create judicial deeds from U Lock Inc. to Plaintiff, not some backdated deed from the prior owner of the property.

5. However, the docket sheet states that "Rule 236" notices were indeed sent, but they were not. The docket sheet indicates this on the entry of January 24, 2022.

6. Any Rule 236 compliance did not include notice to the undersigned. In other words, no compliance with Rule 236 occurred and the claim that it did occur constituted error.

7. The docket sheet needs to be corrected to show the actual date Rule 236 was complied with and the Order served upon the undersigned. This Court must direct that the notice of the Order be given forthwith.

8. The prejudice is that U Lock cannot take an appeal until a Rule 236 Notice is actually given and provided to it. *Carr v. Michuck,* 234 A.3d 797 (Pa. Super. 2019)(appeal cannot be heard until Rule 236 Notice entered on the docket).

9. If this Court finds that some form of notice under Rule 236 did occur as to U Lock, and this Court denies the motion to strike the Order, this Court should grant leave to file a Notice of Appeal from the Order *nunc pro tunc* on the basis that U Lock did not know about the *ex parte* or *sua sponte* Order and did not receive notice of the Order.

10. Finally, this Court needs to place all communications, summaries of communications, notes, motions, emails, or other events that resulted in the Order on the record so that U Lock can properly challenge the events and lack of notice that occurred in this case.

Respectfully Submitted,

J. Allen Roth, Esquire
Counsel for Defendant, U Lock, Inc.

## **VERIFICATION**

**AND NOW, comes J. ALLEN ROTH** who verifies that U LOCK INC. was unavailable to sign the foregoing and that the facts contained herein are true and correct to the best of his/her knowledge, information and belief. This Verification is made subject to the penalties of 18 P.A.C.S. Section 4904 relating to unsworn falsification to authorities.

March 14, 2022

_____
J. ALLEN ROTH, ESQUIRE

## CERTIFICATE OF SERVICE

I hereby certify that I will forward a copy of the foregoing by U.S. first class mail prepaid to the following persons on the date of filing:

William E. Otto, Esquire
P.O. Box 701
Murrysville, Pa 15668
(Counsel for Plaintiff, Christine Biros)

William F. Ross, Esquire
Ross & Storck, Ltd.
406 N. Market Street
Wooster, OH 44691
(Counsel for Defendant, Denise Schur)

John Tumolo, Esquire
Suite 1500 Frick Building
Pittsburgh, Pa 15219
(Counsel for Defendant, Kathleen S. Walter)

Dennis Del Cotto, Esquire
4345 Old William Penn Highway
Murrysville, Pa 15668
(Counsel for Defendants, Henry L. Moore, Susan Stano and Cynthia Sarris)

March 14, 2022
Date

J. Allen Roth, Esquire
Attorney for Defendant U Lock, Inc.

IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY,
PENNSYLVANIA
CIVIL ACTION LAW

| | |
|---|---|
| **CHRISTINE BIROS** )<br>     Plaintiff )<br> )<br>vs )<br> )<br>**DENISE SCHUR, Executrix of the ESTATE** )<br>**OF ALEX SCHUR, HENRY L. MOORE** )<br>**and SUSAN STANO, Co-Executors of the** )<br>**ESTATE OF NICHOLAS SCHUR,** )<br>**KATHLEEN S. WALTER, Executor of the** )<br>**ESTATE OF MICHAEL SCHUR,** )<br>**CYNTHIA SARRIS, Administrator of the** )<br>**ESTATE OF ANN SARRIS and U LOCK INC.,** )<br>a Pennsylvania corporation, )<br>     Defendants ) | No. 4886 of 2017 |

## ORDER

**AND NOW,** this ____ day of March, 2022, upon consideration of the motion for miscellaneous relief, it is hereby ORDERED, ADJUDGED, and DECREED that:

1. The Order dated January 20, 2022, and entered January 24, 2022, is STRICKEN as VOID AB INITIO pursuant to Rule 1701, Pennsylvania Rule of Appellate Procedure. After the record is remitted, this Court will hold a hearing and determine whether the deeds should be issued or whether a judicial deed from U Lock to Plaintiff must be created.

2. The Prothonotary is directed to CORRECT the docket sheet and remove the notation of Rule 236 compliance as no party served notice on U Lock of the Order.

3. The Prothonotary is directed to COMPLY with Rule 236 by providing a copy of the Order to J. Allen Roth, Esq. and NOTATING the date of Rule 236 compliance.

4. U Lock Inc. may file a Notice of Appeal *nunc pro tunc* challenging the Order of January 20, 2022, entered January 24, 2022, within fifteen (15) days of this Order.

5. This Court and Plaintiff will file all correspondence, if any, of the events and communications that resulted in the January 20, 2022, Order within ten (10) days.

6. Plaintiff shall not attempt any form of *ex parte* communication with this Court and sufficient notice shall be given to all parties in compliance with the rules prior to any communication, motion, or request for judicial intervention.

By the Court:

_____
Judge, Court of Common Pleas