IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTINE BIROS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 2:23-cv-000297-RJC |
| | ) | |
| SHANNI SNYDER et al., | ) | |
| | ) | |
| Defendants. | ) | |

RICO CASE STATEMENT

Pursuant to LCvR 7.1.B, Plaintiff Christine Biros files this RICO Case Statement.

1. State whether the alleged unlawful conduct is in violation of any or all of the provisions of 18 U.S.C. §§ 1962(a), (b), (c) or (d).

Count I of the Complaint describes a violation of 18 U.S.C. § 1962(c).

Count II of the Complaint describes a violation of 18 U.S.C. § 1962(d).

2. List each defendant and state the alleged misconduct and basis of liability of each defendant.

Biros's RICO claims in this action arise generally from a series of increasingly extreme efforts by the Defendants to reverse or undermine her success in a quiet title action (the "Quiet Title Action") that she filed in the Court of Common Pleas of Westmoreland County, Pennsylvania (the "Westmoreland County court") in 2017. The Quiet Title Action concerned the ownership of a parcel of real property that Biros owns on U.S. Route 30 in North Huntingdon Township, Westmoreland County (the "Subject Property").

Biros named U Lock Inc. as a defendant to the Quiet Title Action. Although Biros also initially named as defendants the four estates that had sold the Subject Property to her in 2015, these estates were dismissed from the action prior to trial. No other person or entity has been joined to or intervened in that action.

Defendants George Snyder ("George") and Kash Snyder ("Kash") controlled U Lock. The role of Shanni Snyder in the control of that business is, at best, unclear.

Biros won the 2019 trial in the Quiet Title Action, and the Westmoreland County court entered judgment in her favor. The Superior Court of Pennsylvania affirmed that judgment on May 21, 2021, and then denied U Lock's petition for reargument on July 28, 2021. The Supreme Court of Pennsylvania denied U Lock's petition for allowance of appeal on January 19, 2022.

At some point – possibly following the Superior Court's affirmance of the decision of the Westmoreland County Court but definitely prior to that court's denial of U Lock's petition for reargument – the Defendants and others concluded that U Lock was unlikely to reverse Biros's judgment in the Quiet Title Action. They then agreed to a scheme to create a lien on the Subject Property that, they would claim, was superior to Biros's title.

Each of the Defendants participated in the scheme in a manner that gives rise to civil liability under the RICO Act:

**Shanni Snyder ("Shanni") –** In an effort to create a lien on the Subject Property, Shanni electronically filed a fraudulent complaint against U Lock (the "Wage Case") in this Court. In her complaint, Shanni claimed that U Lock owed wages to her under the federal Fair Labor Standards Act. These allegations were contrary to Shanni's previous assertions to the Bankruptcy Court for this District (the "Bankruptcy Court") in her own 2018 voluntary Chapter 7 bankruptcy case that she had been unemployed during the time period for which she newly claimed to be owed wages. In fact, U Lock had not employed her and did not owe her any wages.

When U Lock declined to appear in this Court to defend against Shanni's allegations, Shanni moved for a default judgment. At this Court's hearing on that motion, Shanni made false statements to the Court under oath in order to induce the Court to enter a default judgment. She testified that all of the allegations in her complaint were true and factual, and she testified that she had worked for U Lock for 70 hours a week, every week, for over four years.

After this Court entered the default judgment, Shanni requested an abstract of judgment from this Court. She then filed that abstract with the Westmoreland County Prothonotary. In doing so, Shanni attempted to create a lien on the Subject Property. Because that lien would have been based on the fraudulently obtained judgment in the Wage Case, it would itself also be fraudulent. Shanni intended for this potential lien to interfere with Biros's title to the Subject Property.

Shanni also filed a praecipe for writ of summons and a *lis pendens* with the Westmoreland County court. She asked that the *lis pendens* be indexed to

the Subject Property. Shanni never filed a complaint in that matter. There was no legal basis for that action, as the state courts had already determined in the Quiet Title Action that Biros, rather than U Lock, owned the Subject Property. Shanni's actions were again intended to interfere with Biros's title to the Subject Property.

Shanni initiated bankruptcy proceedings against U Lock in April 2022 by filing an involuntary petition under Chapter 11 of the Bankruptcy Code in the Bankruptcy Court. Here again, her goal was to interfere with Biros's legal title to and possession of the Subject Property.

In that proceeding, Shanni filed a proof of claim based upon the judgment that she had fraudulently obtained in the Wage Case. She also asserted that her fraudulent claim was secured by real estate – *i.e.*, the Subject Property, to which Biros held recorded title. Shanni, with her siblings George and Kash, arranged for U Lock to dispute Biros's proof of claim but not Shanni's fraudulent claim.

In May 2022, after initiating the U Lock Bankruptcy, Shanni attempted to keep the Quiet Title Action active by entering an appearance in the Westmoreland County court, without becoming a party in that action or even seeking leave to intervene in it. Immediately upon entering that appearance, she filed a new notice of appeal to the Superior Court.

The Counts of the Complaint stated against Shanni are:

> Count I: Violation of § 1962(c) of the RICO Act
> Count II: Violation of § 1962(d) of the RICO Act – Conspiracy
> Count III: Slander of Title
> Count IV: Slander of Title: Conspiracy
> Count V: Fraud
> Count VII: Abuse of Process
> Count VIII: Civil Conspiracy – Abuse of Process

**George Snyder ("George")** – George, who is the brother of Shanni and Kash, agreed to the conspiracy to interfere with Biros's title to and possession of the Subject Property and acted to further that conspiracy. Specifically, George, along with his brother Kash and possibly Shanni, has directed the operations of U Lock, which accepted deeds to the Subject Property despite knowing it did not have any right to them and, despite Biros's victory in the Quiet Title Action, continued to hold possession of the Subject Property. George directed U Lock to continue the Quiet Title Action, including successfully requesting that the Supreme Court of Pennsylvania stay the remand of the record of

that action so that U Lock could seek a writ of certiorari from the United States Supreme Court.  On information and belief, U Lock never intended to seek that writ, and the real purpose of the stay request was to buy Shanni time to manipulate the judgment she had received through her fraud in the Wage Case.

George, along with his siblings, also directed U Lock not to defend the Wage Case, in order to allow Shanni to fraudulently obtain default judgment in that case.

George, with the assistance of Kash and possibly others, facilitated Shanni's fraud in the Wage Case by causing U Lock to decline to appear or dispute Shanni's claims in that action. George made this decision despite his own testimony under oath in the Quiet Title Action that U Lock had no employees and that Shanni, specifically, was not an employee *and* despite his having verified discovery responses to the same effect in that action.

Further, George, along with Kash, acquiesced in Shanni's effort to place U Lock into bankruptcy proceedings. As with Shanni, George's goal was to interfere with Biros's title to and possession of the Subject Property.

George also submitted his own proof of claim in the bankruptcy for wages, presumably encouraged by the apparent success of Shanni's fraudulent Wage Case. All of this was transparently to prevent Biros from finally gaining possession of the Subject Property.

The Counts of the Complaint stated against George are:

> Count II – Violation of § 1962(d) of the RICO Act – Conspiracy
>
> Count IV – Slander of Title – Conspiracy
>
> Count VI – Aiding and Abetting Fraud
>
> Count VIII – Civil Conspiracy – Abuse of Process

**Kash Snyder ("Kash")** – Kash, who is the brother of Shanni and George, also took actions to further the conspiracy to interfere with Biros's title to and possession of the Subject Property.  Specifically, Kash, along with George and possibly Shanni, has directed the operations of U Lock, which accepted deeds to the Subject Property despite knowing it did not have any right to them and, despite Biros's victory in the Quiet Title Action, continued to hold possession of the Subject Property.  Kash directed U Lock to continue the Quiet Title Action, including successfully requesting that the Supreme Court of Pennsylvania stay the remand of that action so that U Lock could seek a

writ of certiorari from the United States Supreme Court.  On information and belief, U Lock never intended to seek that writ, and the real purpose of the stay request was to buy Shanni time to manipulate the judgment she had received through her fraud in the Wage Case.

Kash, along with his siblings, also directed U Lock not to defend the Wage Case, in order to allow Shanni to fraudulently obtain the default judgment in that case.

Kash, with the assistance of George and possibly others, facilitated Shanni's fraud in the Wage Case by causing U Lock to decline to appear or dispute Shanni's claims in that action.  Kash made this decision despite having testified under oath that Shanni had no involvement with U Lock.

Further, Kash, along with George, acquiesced in Shanni's effort to place U Lock into bankruptcy proceedings.  As with Shanni and George, Kash's goal was to interfere with Biros's title to and possession of the Subject Property. All of this was transparently to prevent Biros from finally gaining possession of the Subject Property.

> The Counts of the Complaint stated against Kash are:
>
> Count II – Violation of § 1962(d) of the RICO Act – Conspiracy
>
> Count IV – Slander of Title – Conspiracy
>
> Count VI – Aiding and Abetting Fraud
>
> Count VIII – Civil Conspiracy – Abuse of Process

**J. Allen Roth ("Roth")** – Roth has acted as the attorney for U Lock throughout this process, from the inception of the Quiet Title Action through the U Lock Bankruptcy.  On information and belief, Roth has worked with the Snyders and the other conspirators in most or all steps of their scheme.

Roth particularly abetted this plan after Biros recorded her deeds to the Subject Property.  After Biros recorded those deeds, Roth moved the Westmoreland County court (which had ordered that those deeds be delivered to Biros for recordation) to strike those deeds.  He asked that court to, instead, convey the Subject Property to U Lock, which would then convey the Subject Property to a trust, which would then convey the Subject Property to Biros.  Roth's plan offered no benefit at all to U Lock, which was Roth's client, because it could not possibly result in U Lock's holding legal or equitable title to the Subject Property.  There was no comprehensible purpose for that plan

except to expose the Subject Property to the fraudulent judgment lien and baseless *lis pendens* that Shanni was attempting to create.

As George testified in the U Lock Bankruptcy, Roth advised U Lock in the Wage Case.  Despite that testimony, Roth asserted in an April 2022 argument to the Westmoreland County court that, until that day – long after Shanni fraudulently obtained her default judgment –he had been unaware of the Wage Case.

Finally, Roth delayed notifying the Westmoreland County court of the U Lock Bankruptcy until two minutes after Shanni, a non-party to the Quiet Title Action, complicated the docket by filing an appeal to the Superior Court of Pennsylvania.

The Counts of the Complaint stated against Roth are:

> Count II – Violation of § 1962(d) of the RICO Act – Conspiracy
>
> Count IV – Slander of Title – Conspiracy
>
> Count VI – Aiding and Abetting Fraud
>
> Count VIII – Civil Conspiracy – Abuse of Process

3. List alleged wrongdoers, other than the defendants listed above, and state the alleged misconduct of each.

An unknown person or group of persons referred to as the "Legal Drafters" in the Complaint assisted the Defendants in drafting the documents they used to advance their common scheme to interfere with Biros's title to and possession of the Subject Property.

U Lock is a Pennsylvania corporation through which George and Kash acted in most, but not all, of their acts in furtherance of the scheme to interfere with Biros's title to and possession of the Subject Property.

USAAG Systems Co. ("USAAG"), alternatively USA AG Systems Co., may be a corporation created under Colorado law.  Although it has used an address in Glastonbury, Connecticut, it does not appear to be registered to do business in either Connecticut or Pennsylvania.  In the U Lock Bankruptcy, USAAG ostensibly offered to provide Chapter 11 reorganization funding for U Lock in exchange for equity in U Lock.  It also funded Shanni's effort to purchase certain assets of U Lock in the Bankruptcy Court.

Mark Myles Mycka claimed to be a tenant of U Lock and attempted to keep the Quiet Title Action active by, like Shanni, entering an appearance in that

action  with the Westmoreland County court without ever becoming or seeking to become a party.  Also like Shanni, Mark Mycka then immediately filed a notice of appeal to the Superior Court.  Like Shanni, Mark Mycka took these actions intending to further delay and prevent Christine Biros's enjoyment of the Subject Property.

Katrina Mycka, who is on information and belief the sister of Mark Mycka, purported to serve U Lock, in the person of George Snyder, with the fraudulent complaint in the Wage Case.

4. List the alleged victims and state how each victim has been allegedly injured.

Christine Biros has been deprived of the possessory interest in her real property.  She has been denied the ability to enjoy that property. The Defendants' scheme delayed her ability to record her title to the Subject Property.  Since Biros recorded that title, the Defendants' scheme has forced her to expend money and other resources to defend her interests in the Subject Property against the Defendants' attacks.

5. Describe in detail the pattern of racketeering activity or collection of unlawful debts alleged for each RICO claim. The description of the pattern of racketeering shall include the following information:

a. A list of the alleged predicate acts and the specific statutes which were allegedly violated;

Shanni committed the first predicate act of wire fraud pursuant to 18 U.S.C. § 1343 when she used the internet to transmit her complaint in the Wage Case, intending thereby to obtain the Subject Property by means of false or fraudulent pretenses.

Shanni committed the second predicate act of corruptly endeavoring to influence an officer in a court of the United States in the discharge of his duty in violation of 18 U.S.C. § 1503 when she falsely testified in the Wage Case.

Shanni committed the third predicate act of fraud under Title 11 of the United States Code when she filed the involuntary petition commencing the U Lock bankruptcy, claiming to be a creditor by virtue of the fraudulently obtained default judgment in the Wage Case.

Shanni committed the fourth predicate act of fraud under Title 11 of the United States Code when she filed her proof of claim in the U Lock

bankruptcy, which was again based upon the fraudulently obtained default judgment in the Wage Case.

George committed the fifth predicate act of fraud under Title 11 of the United States Code when he filed a proof of claim in the U Lock bankruptcy which he knew to be false and was in fact contrary to his other sworn testimony and verified filings with the Court.

b. The date of each predicate act, the participants in each such predicate act and the relevant facts surrounding each such predicate act;

The first predicate act was committed on July 14, 2021, and was committed by Shanni Snyder. On information and belief, George Snyder, Kash Snyder, and J. Allan Roth were all aware of this act at the time and supported it for the purpose of interfering with Biros's title to and possession of the Subject Property.

The second predicate act was committed on October 18, 2021, and was committed by Shanni Snyder. On information and belief, George Snyder, Kash Snyder, and J. Allan Roth were all aware of this act at the time and supported it for the purpose of interfering with Biros's title to and possession of the Subject Property.

The third predicate act was committed on April 27, 2022, and was committed by Shanni Snyder. On information and belief, George Snyder, Kash Snyder, and J. Allan Roth were all aware of this act at the time and supported it for the purpose of interfering with Biros's title to and possession of the Subject Property.

The fourth predicate act was committed on May 27, 2022, and was committed by Shanni Snyder. On information and belief, George Snyder, Kash Snyder, and J. Allan Roth were all aware of this act at the time and supported it for the purpose of interfering with Biros's title to and possession of the Subject Property.

The fifth predicate act was committed on August 26, 2022 and was committed by George Snyder. On information and belief, Shanni Snyder, Kash Snyder, and J. Allan Roth were all aware of this act at the time and supported it for the purpose of interfering with Biros's title to and possession of the Subject Property.

c. The time, place and contents of each alleged misrepresentation, the identity of persons by whom and to whom such alleged misrepresentation was made and if the predicate act was an offense of wire fraud, mail fraud or fraud in the sale of securities.

The "circumstances constituting fraud or mistake" shall be stated with particularity as provided by Fed. R. Civ. P. 9(b);

> The first predicate act was committed by way of transmission by the internet of fraudulent information, specifically the knowingly false assertions of fact that Shanni included in her complaint in the Wage Case. The Defendants, including Shanni, intended for this Court to rely on those assertions of fact in awarding judgment to Shanni and against U Lock.

> The second predicate act was the series of false statement to this Court that Shanni made in the courtroom of the Honorable Robert J. Colville. Shanni made those statements under oath during this Court's hearing on her motion for default judgment in the Wage Case. Specifically, Shanni falsely testified that the statements of fact in her complaint were true and that she had worked for U Lock for seventy hours a week, every week, for over four years, for the purpose of inducing the Court to enter a judgment in her favor. The Defendants, including Shanni, intended for this Court to rely on that testimony in awarding default judgment to Shanni and against U Lock.

> The third predicate act was Shanni's false statement to the Bankruptcy Court, made in the course of filing her petition to place U Lock into the U Lock Bankruptcy, that she was legitimately a creditor of U Lock. Shanni knew that this statement was false: Her claim to be a creditor was based on the judgment she had received in the Wage Case, and she knew that she had obtained that judgment by fraud. Shanni made these statements with the intention that the Bankruptcy Court would rely on them in placing U Lock into proceedings under Chapter 11 of the Bankruptcy Code. Shanni filed her petition, in which she made these statements, through the internet.

> The fourth predicate act was Shanni's filing (via the internet) of her proof of claim in the U Lock Bankruptcy. In filing this proof, Shanni asserted both that she was a creditor of U Lock and that she had a claim against U Lock that was secured by real property. Neither of these assertions was true. Shanni and the other Defendants intended for the Bankruptcy Court to believe and rely on Shanni's assertions. The purpose of Shanni's assertions was to prevent Christine Biros from the ownership and possession of the Subject Property.

> The fifth predicate act was George's filing (via the internet) of his proof of claim in the U Lock Bankruptcy. He asserted that U Lock, which he and Kash had operated, owed unpaid wages to him. George and the

other Defendants intended for the Bankruptcy Court to believe and rely on George's assertions. The purpose of George's assertions was to prevent Christine Biros from the ownership and possession of the Subject Property.

d. Whether there has been a criminal conviction for violation of any predicate act and, if so, a description of each such act;

No.

e. Whether civil litigation has resulted in a judgment in regard to any predicate act and, if so, a description of each such act;

No.

f. A description of how the predicate acts form a "pattern of racketeering activity."

The predicate acts constitute greater than two incidents of racketeering activity, including acts of fraud, all of which occurred within the past ten years. All of these acts were committed within a period of just over one year and all were aimed at the same corrupt and unlawful purpose: interfering with Biros's title to and possession of the Subject Property, to which the Pennsylvania state trial and appellate courts have conclusively determined Biros is entitled. The same set of conspirators were engaged and/or aware of and supportive of each of the predicate acts.


6. State whether the alleged predicate acts referred to above relate to each other as part of a common plan, and, if so, describe in detail the alleged enterprise for each RICO claim. A description of the enterprise shall include the following information:

a. The names of each individual partnership, corporation, association or other legal entity which allegedly constitute the enterprise;

The enterprise is an association-in-fact referred to in the Complaint as the "Fake Lien Enterprise."

b. A description of the structure, purpose, function and course of conduct of the enterprise;

The Fake Lien Enterprise is an association in fact among the Defendants and others, including U Lock, the "Legal Drafters," USAAG, Mark Myles Mycka, Katrina Mycka, and other persons unknown for the sole purpose of interfering with Biros's title to and

possession of the Subject Property. The Fake Lien Enterprise was conducted through the enactment and exploitation of a series of frauds, described as the predicate acts in the Complaint and in this statement.

c. Whether each defendant is an employee, officer or director of the alleged enterprise;

The Fake Lien Enterprise is an association in fact and does not have any known formal employees, officers, or directors.

d. Whether each defendant is associated with the alleged enterprise;

Each Defendant is associated with the Fake Lien Enterprise.

e. Whether it is alleged that each defendant is an individual or entity separate from the alleged enterprise, or that such defendant is the enterprise itself, or a member of the enterprise;

Each Defendant exists separately from the enterprise but is a member of it.

and

f. If any defendant is alleged to be the enterprise itself, or a member of the enterprise, an explanation whether each such defendant is a perpetrator, passive instrument or victim of the alleged racketeering activity.

Shanni and George have committed predicate acts.  While the Complaint does not identify any acts of either Kash or Roth that constitute "racketeering activity" as defined in 18 U.S.C. § 1961, both Kash and Roth have agreed to the goals of the Fake Lien Enterprise and have been active participants in attempting to achieve those goals.

7. State and describe in detail whether it is alleged that the pattern of racketeering activity and the enterprise are separate or have merged into one entity.

The Fake Lien Enterprise exists for the sole purpose of advancing the racketeering activity.

8. Describe the alleged relationship between the activities of the enterprise and the pattern of racketeering activity.  Discuss how the racketeering activity differs from the usual and daily activities of the enterprise, if at all.

The sole purpose for the existence of the Fake Lien Enterprise is interfere with Biros's title to and possession of the Subject Property.  As to U Lock, the racketeering activity aimed at depriving Biros of her title to and the enjoyment of the Subject Property is separate from and additional to its other business purpose of renting storage space.

9. Describe what benefits, if any, the alleged enterprise receives from the alleged pattern of racketeering.

The purpose of the enterprise is to interfere with Biros's title to and possession of the Subject Property and to allow the participants in the enterprise to attempt to obtain title and possession thereto for themselves. The members of the enterprise have benefited from the pattern of racketeering by using the predicate acts and racketeering activities to keep for themselves the possession of the Subject Property for several years after they would have been forced, if not for the predicate acts and pattern of racketeering, to surrender the Subject Property to its legal owner, Christine Biros.  Their scheme, if successful, might have resulted in one or more of the members of the enterprise's taking legal title to the Subject Property without valid and lawful justification to do so.

10. Describe the effect of the activities of the enterprise on interstate or foreign commerce.

The Subject Property contains a self-storage space which, on information and belief, rents space to individuals residing in multiple states. Further, the Subject Property is ripe for further development that would affect commerce, including interstate commerce, if it were in the hands of Biros, its proper legal owner. This commerce has been prevented by the predicate acts and pattern of racketeering engaged in by the Defendants.

11. If the complaint alleges a violation of 18 U.S.C. § 1962(a), provide the following information:

a. The recipient of the income derived from the pattern of racketeering activity or through the collection of an unlawful debt; and

Not applicable.

b. A description of the use or investment of such income.

Not applicable.

12. If the complaint alleges a violation of 18 U.S.C. § 1962(b), describe in detail the acquisition or maintenance of any interest in or control of the alleged enterprise.

Not applicable.

13. If the complaint alleges a violation of 18 U.S.C. § 1962(c), provide the following information:

a. The identity of each person or entity employed by, or associated with, the enterprise and

On information and belief no persons are strictly "employed by" the Fake Lien Enterprise.  The persons associated with the Fake Lien Enterprise include Shanni Snyder, George Snyder, Kash Snyder, J. Allen Roth, U Lock, USAAG, Katrina Mycka, Mark Myles Mycka, the unknown persons referred to in the Complaint as the "Legal Drafters," and additional persons unknown to be identified in discovery.  U Lock's managers, including George, have testified and otherwise asserted under penalty of law that U Lock has had no employees.

b. Whether the same entity is both the liable "person" and the "enterprise" under 1962(c).

The Defendants and other participants in the Fake Lien Enterprise all have legal existences separate from the Fake Lien Enterprise.

14. If the complaint alleges a violation of 18 U.S.C. § 1962(d), describe in detail the alleged conspiracy.

The participants in the conspiracy entered into a mutual agreement or understanding with each other with the intent to achieve the corrupt purpose of the Fake Lien Enterprise, to interfere with Biros's title to and possession of the Subject Property

Each Defendant had a role in the conspiracy, as did other persons known and unknown.

Specifically, Shanni Snyder acted as the person who would receive the lien on the subject property.  To that end, she commenced the Wage Case, obtained

the judgment in that case that she knew to be fraudulent because it was supported only by her own false statements and perjured testimony, recorded the abstract of that fraudulent judgment with the intention that it would operate as a lien on the Subject Property, filed a lis pendens on the Subject Property, commenced and maintained the U Lock Bankruptcy, and filed a proof of claim in the U Lock Bankruptcy that she knew to be fraudulent. She also filed a 2022 appeal in the Quiet Title Action, despite her never having been permitted to intervene in that action and her never having otherwise become a party to it.  All of these actions were to advance the purposes of the Fake Lien Enterprise, to prevent Biros from obtaining title to and enjoyment of the Subject Property.

George Snyder and Kash Snyder managed the affairs of U Lock with the goal and purpose of providing Shanni Snyder with a lien on the Subject Property. To that end, they allowed Shanni to obtain a fraudulent judgment in the Wage Case through her false claim that she had done work for U Lock for which she had earned wages and that U Lock had not paid her for that work, even though they both knew her claim to be false.  Further, they directed the legal affairs of U Lock with the goal of prolonging the Quiet Title Action to prevent Biros from obtaining the deeds to the Subject Property.  When Biros obtained those deeds despite their efforts, they caused J. Allen Roth to file a Petition to Strike, participated and/or acquiesced in the commencement of the U Lock Bankruptcy, opposed Biros's efforts to dismiss that action, and made efforts to convert the involuntary proceeding to a Chapter 11 proceeding with purported funding from a mysterious source (USAAG) that does not appear to have any independent verifiable existence.  All of these actions were to advance the purposes of the Fake Lien Enterprise, to prevent Biros from obtaining title to and enjoyment of the Subject Property.

In addition, George Snyder filed his own fraudulent proof of claim in the U Lock bankruptcy.  On information and belief, he filed that proof for the same reason, which was to advance the purposes of the Fake Lien Enterprise.

J. Allen Roth participated in the Fake Lien Enterprise by, on information and belief, participating in the planning and organization of the same; by, on information and belief, advising George Snyder, Kash Snyder, and U Lock not to respond to Shanni Snyder's fraudulent complaint in the Wage Case; by filing U Lock's application to the Supreme Court of Pennsylvania  to stay the remand of the record in the Quiet Title Action in order to buy time, although U Lock had no intention of seeking review by the Supreme Court of the United States; by filing and arguing the Petition to Strike in the Quiet Title Action and arguing that the Westmoreland Court should follow a byzantine procedure that would expose the Subject Property to the fake lien and lis

pendens; and by manipulating filing times for court filings in order to increase the effectiveness of the Fake Lien Enterprise.

Additional non-parties also participated in the Fake Lien Enterprise, including U Lock, through the actions of its managers described above; the Legal Drafters, who performed legal services for Shanni and assisted her in drafting the instruments she used to commit the predicate acts and otherwise advance the Fake Lien Enterprise; USAAG, to the degree it has an identifiable legal existence, purported to offer funding to make itself the major shareholder in U Lock and thus keep the enterprise operational as well as funding Shanni's ultimate efforts to purchase the assets of U Lock; Mark Myles Mycka entered an appearance in the Quiet Title Action and filed an appeal to the Superior Court in an effort to keep the Quiet Title action alive and to prevent action on the final judgment in that matter; Katrina Mycka completed the proof of service in the fraudulent Wage Case and served Shanni Snyder's complaint in the Wage Case on George Snyder.

15. Describe the alleged injury to business or property.

The Defendants' conduct delayed Biros in taking both legal and equitable ownership of the Subject Property. It delayed Biros's ability to record her title to the Subject Property. It has delayed Biros in taking possession of the Subject Property. It continues to attack Biros's title to the Subject Property, even after Biros recorded the deeds that the Westmoreland County court awarded to her in the Quiet Title Action.

16. Describe the direct causal relationship between the alleged injury and the violation of the RICO statute.

If not for the predicate acts and pattern of racketeering activity, Biros would have taken legal and equitable title to and possession of the Subject Property long ago, and could have used it as she saw fit, consistent with the laws of the Commonwealth of Pennsylvania and the United States. Instead, the Defendants' actions, including the predicate acts, prevented Biros from doing so for an extended period. As a result, her harms have been caused directly and proximately by the pattern of racketeering activity.

17. List the damages sustained by each plaintiff for which each defendant is allegedly liable.

Christine Biros was damaged by the interference with her title to and
possession of the Subject Property. She was also directly damaged in the
amounts which she could have realized through the use and development of
the Subject Property during the period when the Fake Lien Enterprise was
engaged in interference with her title to and possession of the Subject
Property.

18. List all other federal causes of action, if any, and provide the relevant statute
numbers.

 None.

19. List all pendent state claims, if any.

 Slander of Title

 Civil Conspiracy – Slander of Title

 Fraud

 Aiding and Abetting Fraud

 Abuse of Process

 Civil Conspiracy – Abuse of Process

20. Provide any additional relevant information that would be helpful to the court
in processing the RICO claim.

Biros is not aware of any additional information that fits this description but will supplement this statement if she identifies any information of this description or if this Court directs her to do so.

Respectfully submitted,
BERNSTEIN-BURKLEY, P.C.


By: */s/ Stuart C. Gaul, Jr.*
Kirk B. Burkley, Esq.
(PA. I.D. #89511)
Stuart C. Gaul, Jr., Esq.
(PA. I.D. #74529)
Daniel McArdle Booker Esq.
(PA. I.D. #320890)
601 Grant Street, 9th Floor
Pittsburgh, PA  15219
Telephone: (412) 456-8100
Facsimile:  (412) 456-8135
kburkley@bernsteinlaw.com
sgaul@bernsteinlaw.com

*Attorneys for Plaintiff, Christine Biros*

<u>**CERTIFICATE OF SERVICE**</u>

I certify that, on this 13th day of March, 2023, a copy of the foregoing RICO

Case Statement was served through the ECF system of this Court upon Defendant

George Snyder and by First-Class U.S. Mail, postage prepaid, upon the following

persons:

| | | |
|---|---|---|
| Shanni Snyder<br>14390 Route 30<br>North Huntingdon, PA 15642 | Shanni Snyder<br>395 Luann Drive<br>McKees Rocks, PA 15136 | Shanni Snyder<br>12709 Lincoln Way<br>North Huntingdon, PA 15642 |

Kash Snyder
670 Lime Street
Irwin, PA 15642

J. Allen Roth
757 Lloyd Avenue, Suite B
Latrobe, PA 15650

*/s/ Stuart C. Gaul, Jr.*