IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTINE BIROS, | ) Case 2:23-cv-00297 |
| Plaintiff, | ) |
| v. | ) |
| SHANNI SNYDER, et al, | ) |
| | ) **JURY TRIAL DEMANDED** |
| Defendant. | ) |

## KASH SNYDER'S MOTION TO DISMISS OR FOR A MORE DEFINITE STATEMENT AND BRIEF IN SUPPORT

Kash Snyder moves this Court to dismiss the lawsuit or for a more definite statement:

### I.   Incorporating J Allen Roth Issues

First, so as not to be redundant, Kash Snyder incorporates all of the issues in the motion and brief filed by J. Allen Roth, Esq., in this case and he incorporates them by reference. Most issues pertain to Kash equally as they do Roth.

### II.   The Fantasy Enterprise is a Business Dispute not a RICO

Pursuit of colorable legal claims is not RICO. ***Malibu Media* v. *John Doe***, 238 F.Supp.3d 638, 647 (M.D.Pa. 2017)(discussing RICO fraud and extortion claims based on litigation), *and citing* **Peterson v. Phila. Stock Exch.**, 717 F. Supp. 332, 336-37 (E.D. Pa. 1989); see also A**tl. Recording Corp.**

**v. Raleigh**, No. 4:06-CV-1708, 2008 WL 3890387, at *5 (E.D. Mo. Aug. 18, 2008).

On precise point is the case of **Kaye v. D'Amato,** 357 F. App'x 706, 715–16 (7th Cir. 2009), the Seventh Circuit upheld the dismissal of a RICO claim because the plaintiff failed to allege a pattern of racketeering activity. The plaintiff claimed a variety of city officials collaborated to deny him the opportunity to purchase certain land parcels as the result of their participation in an illicit land swap agreement. Id. at 708.

The court held that the plaintiff failed to allege continuity because the alleged scheme lasted only 7 months and was <u>entirely focused on denying the plaintiff ownership of one piece of land, which once accomplished, would end the scheme.</u> Id. Thus, the scheme offered "no threat of future harm" and was not a pattern of racketeering activity. Id.

In **Gamboa v. Velez**, 457 F.3d 703, 709 (7th Cir. 2006), the Seventh Circuit rejected a RICO claim because the "complaint's allegations foreclosed any threat of continued criminal activity." The court explained that where a "complaint explicitly presents a distinct and nonreoccurring scheme with a built-in termination point and provides no indication that the perpetrators have engaged or will engage in similar misconduct, the complaint does not sufficiently allege continuity for § 1962(c)." See also **Haynes v. City of Chicago**, No. 12 C 2980, 2014 WL 5423269, at *3 (N.D. Ill. Oct. 22, 2014) (no open-ended continuity because scheme was complete and no closed-ended continuity because

only one victim and one scheme, so no threat of future harm); **Lockhart v. HSBC** Fin. Corp., No. 13 C 9323, 2014 WL 3811002, at *8 (N.D. Ill. Aug. 1, 2014) ("single alleged scheme targeted at one victim is not a 'pattern of racketeering activity").

It is very clear that this is not a RICO business, but a business dispute between Christine Biros and others. *See* **Haynes,** 2014 WL 5423269, at *3 (rejecting closed-ended continuity because plaintiffs alleged only one victim, one scheme, and one injury).

### III.  Insufficient, Unclear, Speculative Allegations Against Kash Snyder

The speculative allegations against Kash Snyder about why the company took or did not take legal positions simply do not meet the heavy requirements of entertaining a RICO or for the alleged fraudulent scheme Biros sets forth.

On the contrary, Biros sues Kash Snyder because she apparently has the ability to reach into his mind, guess what happened during a conversation between George Snyder and the company's attorney that Kash Snyder wasn't even present for, and creates a great conspiracy.

This is why the heightened pleading standard in fraud and RICO actions based on fraud exist– to prevent lawsuits being filed based on conjecture.

Because their RICO claim sounds in fraud, the heightened pleading standard of Rule 9(b), which requires the circumstances constituting fraud to be

pled with particularity, applies. Fed. R. Civ. P. 9(b). **Lum v. Bank of Am.,** 361 F.3d 217, 223 (3d Cir. 2004) (requiring RICO claims that "rely on mail and wire fraud" to "comply with Federal Rule of Civil Procedure 9(b)"). To satisfy this standard, plaintiffs must allege "the time, place, and speaker and content of the alleged misrepresentation,"or, "[p]ut another way, the who, what, when and where details of the alleged fraud are required." **Bonavita Elec. Contrr., Inc. v. Boro Developers, Inc.**, 87 F. App'x 227, 231 (3d Cir. 2003) (internal quotation marks omitted).

For this separate, independent reason, as well, the Court should dismiss the RICO claims. **Rolo v. City Investing Co. Liquidating Trust**, 155 F.3d 644, 659 (3d Cir. 1998) (affirming dismissal of RICO claims where plaintiffs "[fail] to plead fraud with particularity with respect to what happened to a specific plaintiff").

Here are the sole 30 allegations against Kash Snyder and the problems:

| Paragraphs | Allegation | Problem |
|---|---|---|
| 17 | George and Kash, possibly with Shanni, have directed the affairs of U Lock since its incorporation. | Contradicts paragraph 60. |
| 60 | During the 2019 trial in the Quiet Title Action, Kash testified under oath that Shanni had no involvement with U Lock. | Does not comply with Rule 9. Is vague, a summary, and taken out of context. |
| 151 | However, on creating the U Lock Bankruptcy, Shanni did not immediately give notice to the Westmoreland Court. Neither did, George, Kash, U Lock, or anyone else affiliated with the Defendants. | The bankruptcy was filed April 27, 2022.  George Snyder was served with the summons on May 23 2022. *Entry 20,* In re U Lock |

| | | |
|---|---|---|
| 171 | George and Kash managed the affairs of U Lock with the goal and purpose of providing Shanni with a lien on the Subject Property. To that end, they allowed Shanni to obtain a fraudulent judgment in the Wage Case through her claiming that U Lock had not paid her for her work, even though they both knew that she had never been an employee of U Lock. | The record and testimony shows that both George Snyder and Kash Snyder testified that Shanni Snyder was not an "employee" as she received no salary and received no payment. |
| 171 | They directed the legal affairs of U Lock with the goal of prolonging the Quiet Title Action to prevent Biros from obtaining the deeds to the Subject Property that the Executors had deposited with the Westmoreland Court. When Biros obtained those deeds despite their efforts, they caused Roth to file the Petition to Strike, participated in or acquiesced in the commencement of the U Lock Bankruptcy, opposed Biros's efforts to dismiss that proceeding, and, in the face of Biros's motion, filed a motion to convert that involuntary proceeding to a proceeding under Chapter 11 of the Bankruptcy Code with funding purportedly from USAAG. George also advanced the Fake Lien Enterprise by filing his own fraudulent claims in the U Lock Bankruptcy | Kash Snyder has no duty to Biros. We had every right to exhaust our legal appeals. While Kash Snyder had nothing to do with the Petition to Strike, any person can see why an off the record plan between a judge and Biros legal team is objectionable and why someone would file that motion. |
| 172 | on information and belief advising George, Kash, and U Lock not to respond to Shanni's complaint in the Wage Case; by filing U Lock's application to the Supreme Court of Pennsylvania to stay remand of the Quiet Title Action even though he knew that U Lock did not intend to seek review in the U.S. Supreme Court | Does not comply with Rule 9 and could never comply with Rule 9 as Kash Snyder was not present and if he was the conversation was privileged and constitutes work product. |
| 184, 185, 210, 211, | "combined with George's and Kash's facilitating U Lock's inaction in the face of her claim." | Does not comply with Rule 9. No duty to Biros to defend a lawsuit and incur legal fees. |
| 272 | George and Kash participated in U Lock's decision not to defend itself in the Wage Case. | Does not comply with Rule 9. No duty to Biros to defend a lawsuit and incur legal fees.<br><br>The conversation between George Snyder and Allen Roth is privileged. |
| 273 | George, Kash, and, particularly as a licensed | A difference of opinion as to |

|  | attorney, Roth, all knew and appreciated that lying to a court in order to obtain a judgment is wrongful. | the legal definition of employed is a far stretch from lying. |
|---|---|---|
| 274 | On information and belief, George, Kash, and Roth each encouraged Shanni to make these statements in the Wage Case. | Does not comply with Rule 9. There's no allegation of a conversation, no date, no time, no place, no content. Just an assumption. |
| 275 | George, Kash, and Roth further aided and abetted Shanni's fraud by causing U Lock to move to delay the remand of the Quiet Title Action from the Superior Court to the Quiet Title Court, by causing U Lock to file the Petition to Strike in the Quiet Title Action, and by otherwise opposing and frustrating Biros's efforts to taking possession of and re-develop the Subject Property consistent ith the judgment that Biros received in the Quiet Title Action | This assumption does not comply with Rule 9. The reason why a legal strategy was taken is privileged and is work product. Regardless, Biros secretly obtained the deeds on January 20, 2023, so a motions filed thereafter could not have delayed anything. |
| 276 | Shanni's false statements, as aided and abetted by George, Kash, and Roth, have proximately caused injury to Biros. | This does not comply with Rule 9. It is unclear how a false statement can be aided and abetted or what exactly the false statement was. |
| 277 | Shanni has subsequently used her default judgment, which she received with the assistance of George, Kash, and Roth, to support the Fake Lien, her initiation of the Lis Pendens Proceeding, her initiation of the U Lock Bankruptcy, and her appeal to the Superior Court in the Quiet Title Action. | This does not comply with Rule 9. It is unclear how Kash Snyder provided assistance to Shanni Snyder. |
| 279 | These actions by George, Kash, and Roth are so outrageous, willful, and malicious as to justify the imposition of punitive damages against them. | This does not comply with Rule 9. There are no allegations as to what is outrageous or malicious. |
| Count VIII | Does not mention Kash and uses "one or more" of the defendants. | Does not comply with Rule 8 or 9. |

"[F]or a plaintiff simply to allege the above elements in boilerplate fashion; instead, she must allege sufficient facts to support each element." ***Goren v. New***

***Vision Int'l, Inc.***, 156 F.3d 721, 727 (7th Cir. 1998) (affirming dismissal of RICO claim because allegations were boilerplate and conclusory).

IV. **Conclusion**

This Court needs to dismiss the lawsuit against Kash Snyder or order a more definite statement.

Respectfully submitted,

/s/ *Kash Snyder*

Kash Snyder
PO Box 111
Irwin PA  15642