IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHRISTINE BIROS,                            )
                Plaintiff            )   2:23 cv 00297
                                     )
     v.                               )
                                     )
SHANNI SNYDER and others,                   )
                Defendants.          )

## MOTION TO DISMISS

George Snyder moves to Dismiss the Complaint in this matter.

All of the exhibits attached are public record that this Court can take judicial notice of.

## Background

On January 27, 2023, the United States Bankruptcy Court chastised the U Lock parties in the U Lock bankruptcy (Exhibit 4 at 100):

> I'm going to end with what I started, which is, I want folks to think twice about what they file, what they do and how they proceed in this matter because I'm not tolerating any more shenanigans and I'm not tolerating any items that go beyond what is permissible in these actions. That has prolonged this case too long and too far and cost too much in expenses and I think from the Show Cause Orders the Court has set the tone at this point that to the extent necessary, I will address these issues vigorously going forward.

So with that in mind, we now have this fribble called a RICO action before us.

### Is this lawsuit really against U Lock Inc and stayed by 11 USC 362?

Initially it seems the "enterprise" is really U Lock Inc. and if it is an indispensable party to this case. After all, it was U Lock that did not respond to the lawsuit, not any individuals, and the motion to strike that is complained about was U Lock's. In that case, this action is STAYED pursuant to 11 USC 362 and the prosecution without leave of the bankruptcy court violates 11 USC 362(k). I am not an attorney, but it sure seems that this is a lawsuit against U Lock in disguise.

**This lawsuit is malicious flapdoodle**

Exhibit 1 is an opinion of the bankruptcy Court that stated Christine Biros embellished and exaggerated her claim.  After a hearing earlier this month, the Bankruptcy Court sustained the Rule 11 violation, but did not impose any further sanctions because it was counsel's first offense.[1] *See* Exhibit 2 excerpts page 50.  **YET UNDER BIROS' THEORY, SHE AND HER ATTORNEYS SHOULD BE SUED FOR FRAUD AND FOR RICO.  That's the absurdity of this.**

Attached as Exhibit 3 is an amended show cause Order against Christine Biros because she STOLE all of the equipment from U Lock and moved it onto her property. If that's not "BANKRUPTCY FRAUD" I don't know what is.  The judge hasn't ruled on the sanctions for taking the stuff, see Exhibit 2, page 51, but it doesn't matter because:  **UNDER THE BIROS' THEORY, SHE AND HER ATTORNEYS SHOULD BE SUED FOR FRAUD AND FOR RICO.  That's how patently frivolous this case is.**

Attached as Exhibit 4 is a transcript where the bankruptcy court chastised William Otto for lying about what the judge said to the North Huntingdon Police Department.  **UNDER THE BIROS' THEORY, SHE AND HER ATTORNEYS SHOULD BE SUED FOR FRAUD AND RICO.  That's how ludicrous this lawsuit is.**

Attached as Exhibit 5 is an excerpt from a document written by Christine Biros filed in Shanni Snyder's bankruptcy.  Despite stating in this lawsuit that it is "WIRE FRAUD" for Shanni Snyder to have filed a lawsuit and that I conspired with her by not borrowing money to

---

[1] The Judge stated, "All right, well, I'm not finding anything that dissuades me from the original finding that there was a Rule 9011 issue with respect to the original motion and that the $144,000 was unreasonable.  Certainly, appreciate the efforts to try to resolve this through the amended motion. I thought that was certainly well crafted and well thought out and it doesn't go unnoticed from the Court, the time and effort that went into that. But, it still leaves me with the factor that the original claim of $144,000 was unreasonable. In terms of where we go from here, I am considerate of the fact that Mr. Bernstein has indicated that Ms. Biros followed the advice of counsel and, as a result, with taking that advice, she is not blame worthy at this point with respect to sanctions. And, with respect to counsel, I do find that this is a first offense and that the prior memorandum opinion is a sufficient admonishment with respect to where we are with respect to this matter, so I will conclude it there with that."

defend the lawsuit, in this motion Biros states that Shanni Snyder or the bankruptcy trustee should sue me for the same wages. So under Biros' theory to sue me for the wages that constitute WIRE FRAUD, she is conspiring to further the alleged fraud by having Shanni Snyder or the Trustee sue me for the same thing. *See* paragraph 25 ("Further, to the extent that any such claim of the Debtor is legitimate, the stipulation does not address the potential claim that the Trustee has against U Lock's principals, Kash and George Snyder, pursuant to the Pennsylvania Wage Payment and Collection Law which holds these principals personally liable."); paragraph 26 ("If the Debtor were concerned about actually receiving payment on her alleged claim, she or the Trustee could (and should) proceed directly against George Snyder and/or Kash Snyder"); paragraphs 28 ("It is clear that the Debtor does not intend to pursue Kash Snyder or George Snyder with regard to the Default Judgment and the related unpaid wages, but the Trustee should not be required to give up that potential avenue to receiving payment for the creditors"), **UNDER BIROS' THEORY, SHE AND HER ATTORNEYS SHOULD BE SUED FOR FRAUD AND RICO.**

That's why this case is evil, malicious, and preposterous. Indeed, allegations of malicious prosecution or abuse of process do not, on their own, suffice as predicate acts for a RICO violation. *See, e.g., von Bulow v. von Bulow*, 657 F. Supp. 1134, 1145 (S.D.N.Y. 1987) ("a complaint based on nothing more than a party's filing of unjustified suits cannot fulfill the requirement that a RICO plaintiff plead a predicate act"); *Nakahara v. Bal,* No. 97 Civ. 2027(DLC), 1998 WL 35123, at *8 (S.D.N.Y. Jan. 30, 1998) (same); *Auburn Medical Center, Inc. v. Andrus*, 9 F. Supp. 2d 1291, 1299 (M.D. Ala. 1998) (same). As the Eight Circuit noted in dicta, Judges and lawyers often complain that the courts are inundated with a flood of litigation, but the fact remains that litigation is as American as apple pie. *I.S. Joseph Co. v. J. Lauritzen*, 751 F.2d 265, 267-68 (8th Cir. 1984).

**The are no allegations to pierce the U Lock corporate veil**

I don't know much about the RICO, it's all quite confusing, but the state claims there are no allegations to pierce U Lock's corporate veil to sue the officers (and I guess our attorney too).

The Pennsylvania Supreme Court explained in *Mortimer v. McCool*, 255 A2d 261, 278 (Pa. 2023) that Courts must tread lightly when called upon to pierce the veil, whatever the doctrinal basis. "Any court must start from the general rule that the corporate entity should be recognized and upheld, unless specific, unusual circumstances call for an exception. Care should be taken on all occasions to avoid making the entire theory of corporate entity useless."

In this case, Biros provided no allegations that I, Kash Snyder, or John Roth our attorney acted in their personal interests rather than for the corporation.  Therefore, Biros failed to pierce the corporate veil of U Lock.

**I Incorporate the Motions filed the Other Defendants**

I don't need to repeat and restate the arguments why this flapdoodle case should be dismissed.  I incorporate by reference the motions to dismiss and briefs at docket entries 32, 33, and 34.

**I incorporate whatever Shanni Snyder files**

In addition, if my crazy sister files something that is better than 32, 33, and 34, and my stuff, certainly this case should be dismissed for that reason too.  Therefore, I incorporate whatever she files as well.

**Conclusion**

This case needs to be dismissed as frivolous.

Respectfully submitted,

/s/ George Snyder

_____
George Snyder
Box 15
Irwin PA 15642
(412) 829-9999