Case 2:23-cv-00297-RJC   Document 35-3   Filed 04/27/23   Page 1 of 3

FILED
1/6/23 3:45 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Case No. 22-20823-GLT |
| | : | Chapter 7 |
| U LOCK, INC., | : | |
|     *Debtor*. | : | Related to Dkt. No. 249 |
| | : | |

## AMENDED[1] ORDER TO SHOW CAUSE

On December 1, 2022, the Court attempted to conduct a scheduled auction of the tangible and intangible assets of U Lock, Inc. ("Debtor") but was stymied by the revelation that much of the tangible assets to be sold had been removed from the Debtor's business premises. Even worse, the assets had allegedly disappeared prior to the Court-ordered on-site inspection window for prospective bidders to perform due diligence. And worse still, it was unclear what became of these assets as the various parties to this case accused each other of concealment or conversion.

To resolve all doubts as to the location of the tangible assets, the Court undertook two measures. First, it ordered the interested parties—George Snyder, the Debtor's principal; Christine Biros, the owner of U Lock's business premises; and Shanni Snyder, a creditor and qualified bidder—to file sworn affidavits signed under 28 U.S.C. § 1746 identifying: (1) any assets they removed from the Debtor's place of business; (2) the current location of any removed assets; and (3) the authority by which the assets were removed. Both George Snyder and Christine Biros filed affidavits admitting they were in possession of estate assets while Shanni Snyder swore that she was not.[2] Second, the Court conducted on-site inspections of each of disclosed locations of estate property with the interested parties to confirm the location and existence of the assets. During this view, there was a suggestion that Glen Mowry, who has asserted an interest in some of these

---

[1] The *Order to Show Cause* originally docketed on December 16, 2022 [Dkt. No. 249] neglected to set a deadline for written responses. That has been corrected herein by the addition of paragraph 6. This amended order is in all other respects identical to the original.

[2] See Dkt. Nos. 230, 231, 233-236.

assets, had removed items not found at any of the three locations visited. It was also discovered that Christine Biros had failed to identify all assets that she re-located.

Now, in light of these affidavits, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that:

1. A show cause hearing is scheduled for **January 27, 2023 at 10:00 a.m.** in Courtroom A, 54th Fl., U.S. Steel Tower, 600 Grant St., Pittsburgh, Pennsylvania, 15219.

2. Christine Biros shall appear in person at the hearing and show cause why the Court should not impose sanctions against her, including but not limited to, monetary sanctions, for exercising control over property of the estate in violation of the automatic stay and interfering with the sale of estate assets pursuant to 11 U.S.C. § 363 in light of: (1) her admission that she removed estate assets from the Debtor's business premises; and (2) her failure disclose all estate assets in her possession in her sworn affidavit.

3. George Snyder shall appear in person at the hearing and show cause why the Court should not impose sanctions against him, including but not limited to, monetary sanctions, for exercising control over property of the estate in violation of the automatic stay and interfering with the sale of estate assets pursuant to 11 U.S.C. § 363 in light of his admission that he removed estate assets from the Debtor's business premises.

4. To the extent that Glen Mowry may have violated the automatic stay or interfered with the sale of estate assets, the chapter 7 trustee may, in his discretion, seek appropriate relief against him.

5. In accordance with Judge Taddonio's procedures, parties other than Christine Biros and George Snyder may appear remotely by utilizing the Zoom video conference platform. Parties seeking to appear remotely must register for the hearing by submitting a registration form via the link published on Judge Taddonio's website (which can be found at: http://www.pawb.uscourts.gov/judge-taddonios-video-conference-hearing-information) by no later

than 4 p.m. on the business day prior to the scheduled hearing. All parties participating remotely shall comply with Judge Taddonio's General Procedures (which can be found at: http://www.pawb.uscourts.gov/sites/default/files/pdfs/glt-proc.pdf). **Parties who fail to timely register for remote participation will be expected to attend the hearing in person.**

      6.      On or before **January 20, 2023**, Christine Biros and George Snyder shall file written responses to this *Order to Show Cause*.

Dated: January 6, 2023

GREGORY L. TADDONIO
CHIEF UNITED STATES BANKRUPTCY JUDGE