UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF PENNSYLVANIA

```
IN RE:                          .    Case No. 22-20823-GLT
                                .
                                .
U LOCK INC,                     .    5414 U.S. Steel Tower
                                .    600 Grant Street
                                .    Pittsburgh, PA 15219
          Debtor.              .
                                .    January 27, 2023
. . . . . . . . . . . . ..           10:00 a.m.
```

TRANSCRIPT OF #249 AND #278 HEARING ON ORDER TO SHOW CAUSE:
# 230 - AFFIDAVIT FILED BY SHANNI SNYDER; #231 - AFFIDAVIT
FILED BY CHRISTINE BIROS; #233 - DECLARATION OF GEORGE SNYDER;
#234 - SUPPLEMENTAL DECLARATION OF GEORGE SNYDER; #235 -
DECLARATION OF GEORGE SNYDER; #236 – STATUS REPORT FILED BY
CHRISTINE BIROS; #294 HEARING ON ORDER TO SHOW CAUSE: #258
APPLICATION FOR ADMINISTRATIVE EXPENSES FILED BY
CREDITOR CHRISTINE BIROS; #228 STIPULATION BY SHANNI SNYDER AND
BETWEEN CHARLES O. ZEBLEY, JR., CHAPTER 7 TRUSTEE, AND
ROBERT H. SLONE, CHAPTER 7 TRUSTEE; #255 MOTION FOR RELIEF FROM
STAY FILED BY CHRISTINE BIROS; #274 MOTION TO ENFORCE ORDER
CONFIRMING SALE OF TANGIBLE AND INTANGIBLE PERSONAL PROPERTY OF
THE ESTATE UNDER 11 U.S.C. SECTION 363(F) FREE AND CLEAR OF ALL
LIENS, CLAIMS AND ENCUMBRANCES FILED BY SHANNI SNYDER
BEFORE HONORABLE GREGORY L. TADDONIO
UNITED STATES BANKRUPTCY COURT JUDGE

APPEARANCES:

For the Debtor:          Law Office of J. Allen Roth
                         By:  J. ALLEN ROTH, ESQ.
                         805 S Alexandria Street
                         Latrobe, PA 15650


ECRO:                    Hayley Smith

Proceedings recorded by electronic sound recording, transcript
produced by transcription service.

---

**J&J COURT TRANSCRIBERS, INC.**
**268 Evergreen Avenue**
**Hamilton, New Jersey 08619**
**E-mail:  jjcourt@jjcourt.com**

**(609) 586-2311      Fax No. (609) 587-3599**

```
APPEARANCES (Cont'd):

For Shanni Snyder,        Grenen & Birsic, P.C.
Petitioning Creditor:     By:  JOHN B. JOYCE, ESQ.
                               JEREMY J. KOBESKI, ESQ.
                          One Gateway Center, Suite 9W
                          Pittsburgh, PA 15222


For Christine Biros:      Bernstein-Burkley, P.C.
                          By:  ROBERT S. BERNSTEIN, ESQ.
                               LARA S. MARTIN, ESQ.
                          601 Grant Street, 9th Floor
                          Pittsburgh, PA 15219


For Christine Biros,      The Law Firm of William E. Otto
Lead Counsel in the       By:  WILLIAM E. OTTO, ESQ.
State Court Action:       4027 Old William Penn Highway
                          P.O. Box 701
                          Murrysville, PA 15668


TELEPHONIC APPEARANCES:

Chapter 7 Trustee:        Mahady & Mahady
                          By:  ROBERT H. SLONE, ESQ.
                          223 South Maple Avenue
                          Greensburg, PA 15601


Chapter 7 Trustee in      Zebley Mehalov & White, P.C.
Shanni Snyder case:       By:  CHARLES O. ZEBLEY, ESQ.
                          18 Mill Street Square
                          P.O. Box 2124
                          Uniontown, PA 15401


                          - - -
```

1  ancillary item that I do need to address and this is somewhat

2  tangentially related and, again, getting -- running afoul of my

3  own admonition of not moving far afield from the matters at

4  hand, but one thing that was raised that has been also

5  troubling to the Court, is in the pleadings and the papers

6  there was a reference to the involvement of the North

7  Huntington Police Department at some point.

8          And there was a representation made that one of my

9  proceeding memos was given to the police department for the

10 purpose of expanding upon or explaining what was meant by the

11 Court's Order or in view of some sort of interpretation of what

12 that Order was.  And, so, because that involves an allegation

13 against Mr. Otto, I'd like to hear from Mr. Otto with respect

14 to the circumstances there.

15         And by doing so, I want to remind Mr. Otto, to the

16 extent he's not aware, this is available on my website, is that

17 proceeding memos are not to be construed as orders of the

18 Court, they are not even to be construed as transcripts of what

19 happened in the Court, it is merely for the convenience of the

20 parties and the convenience of the Court to have a general

21 sense of what was discussed for the purpose of identifying

22 where documents and things may be worthy of further

23 examination.  But, to the extent that there is a need for a

24 transcript the parties are directed to get the transcript

25 itself.

96

1        So, another concern I have is the use of a proceeding

2  memo and the suggestion that somehow that was viewed to be an

3  Order of the Court, or reflected upon the Court's authority of

4  what was and was not permitted.  Can you address that for me?

5        MR. OTTO:  Your Honor, I believe that what you're

6  referring to is a police report that Ms. Biros and I attempted

7  to file against an individual who was removing a video monitor

8  from the property.  This was at a time after which you had

9  given control of the property to Ms. Biros, as well as the

10  Trustee and the Trustee did not give this individual

11  authorization to be on the site.

12        Ms. Biros has been accused throughout this proceeding

13  of either stealing Mr. Snyder's property or destroying it or

14  doing something with it and since this individual did not have

15  permission from either the Trustee, so far as I was able to

16  ascertain or from Ms. Biros, to be on the site.  And we had the

17  license plate of his car, we did not know at that point who it

18  was but we reported it the following Monday to the North

19  Huntington Township Police.  To my knowledge they took no

20  action other than an investigation.  But, there was a question

21  of what authority did we have to control the site and that was

22  what I used your Opinion, or your transcript or the proceeding

23  memo.

24        THE COURT:  So, you gave a copy of the proceeding

25  memo to the police.

1          MR. OTTO:  Thank you.  Yes.

2          THE COURT:  Okay.  And for what purpose was it given?

3          MR. OTTO:  Because the North Huntington police

4  questioned why they should get involved in it.  And because

5  they had been told by other people involved in this case that

6  Ms. Biros didn't own the property, didn't have the right to

7  keep people out and what was in that proceeding memo, in

8  essence, asserted that Ms. Biros did have that authority.

9          THE COURT:  Okay.  So, you used the proceeding memo

10  with an officer of the law to suggest that Ms. Biros had a

11  legal right to something.

12          MR. OTTO:  I would say that's correct, yes, Your

13  Honor.

14          THE COURT:  Okay.  All right.

15          MR. OTTO:  Your Honor, and I say this not as an

16  excuse, but I was not aware of the policy of this Court as to

17  proceeding memos.  I will keep that in mind at all times

18  hereafter.

19          THE COURT:  But, you've been represented by local

20  counsel throughout this entire time.

21          MR. OTTO:  I understand that, Your Honor.

22          THE COURT:  And you, when you practice and appear

23  before a Court, you are expected to be mindful of what the

24  rules of the Court are and what the Court's procedures are, are

25  you not?

1          MR. OTTO:  I understand that, Your Honor.

2          THE COURT:  All right, thank you.

3          MS. BIROS:  Your Honor, may I ask you a question?

4 I'm sorry.

5          THE COURT:  Go ahead.

6          MS. BIROS:  The North Huntington Police Department

7 told us they had no authority in anything overseeing this.

8 They told us personally that they spoke to you.

9          THE COURT:  I did not speak with the police

10 department.

11          MS. BIROS:  They spoke to you --

12          THE COURT:  They called my office --

13          MS. BIROS:  Okay.

14          THE COURT:  -- and the response from my office was,

15 as would be standard in any action, is that the Court's Orders

16 speak for themselves.

17          MS. BIROS:  Okay.

18          THE COURT:  But when we say that, we mean the Court's

19 Orders, not proceeding memos.

20          MS. BIROS:  Okay.

21          THE COURT:  And I'm very clear that proceeding memos

22 have no effect and no relevance, whatsoever, to anything and

23 should not be used in any fashion to suggest that they are

24 something beyond which they are, which is the simple notes of

25 the hearing.

1          All right.  I think that concludes everything that's

2    set on the Court's agenda for today.  Is there any other

3    matters that the parties want to raise with the Court at this

4    point?

5          All right.  So, based on the following, I have

6    indicated that I will enter the Stipulation between Shanni

7    Snyder and Trustee Zebley and Trustee Slone, with the caveats

8    noted on the record.  I will grant the Stay Relief Motion filed

9    by Christine Biros as indicated on the record.  I will deny the

10   Motion to Enforce the Order confirming the sale of property

11   that is also subject to consent to Stay Relief for the purposes

12   of having a claim objection to the extent Ms. Biros seeks to do

13   one, against the Shanni Snyder claim and that will also

14   otherwise resolve the pending removed action.

15         I have the Order to Show Cause related to the Rule

16   9011 issues.  That is going to be continued to a future date.

17   I've outlined what I think my initial reactions are to the

18   Motion to give the benefit of the Court's insights but I expect

19   that it's incumbent upon Ms. Biros and Mr. Bernstein to justify

20   the number why $144,000 was reasonable and if it is reasonable

21   to tell me why in the context of this case and the proof of

22   claim and, furthermore, why any possible objections that might

23   exist from other parties would be relevant to that discussion,

24   particularly if the Trustee could consent to a number that

25   would otherwise be considered by the Court.  So, that will be

1  set for a future date.

2         And then with respect to the two Show Cause Orders,

3  I'm sorry, one Show Cause Order but it's issued against George

4  Snyder and Christine Biros, I have my record at this point, so

5  I'll take another look at that and issue an Order based on

6  those considerations.

7         So, with that, I appreciate the parties hanging in

8  there for what has been a prolonged day but I think

9  notwithstanding that we have consolidated a number of issues,

10  made some progress which is more than I can say in other

11  instances with this case, but I'm going to end with what I

12  started, which is, I want folks to think twice about what they

13  file, what they do and how they proceed in this matter because

14  I'm not tolerating any more shenanigans and I'm not tolerating

15  any items that go beyond what is permissible in these actions.

16  That has prolonged this case too long and too far and cost too

17  much in expenses and I think from the Show Cause Orders the

18  Court has set the tone at this point that to the extent

19  necessary, I will address these issues vigorously going

20  forward.  So, with that we will consider the matter to be

21  concluded.  The Court will now stand adjourned and we will

22  close the record.  Thank you for your participation again, have

23  a good weekend.

24         ALL:  Thank you, Your Honor.

25                      *  *  *  *  *

# **C E R T I F I C A T I O N**

WE, ALYCE H. STINE, TAMMY DeRISI and ELAINE HOWELL, court approved transcribers, certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter and to the best of our ability.


/s/ Alyce H. Stine              /s/ Tammy DeRisi

ALYCE H. STINE                TAMMY DeRISI


/s/ Elaine Howell

ELAINE HOWELL

J&J COURT TRANSCRIBERS, INC.   DATE:  January 31, 2023