IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br><br>SHANNI SUE SNYDER,<br><br>                Debtor.<br><br>CHARLES O. ZEBLEY, as Chapter 7 Trustee of the Debtor,<br><br>                Movant,<br><br>                v.<br><br>CHRISTINE BIROS,<br><br>                Respondent. | Bankruptcy No. 18-21983-CMB<br><br>Chapter 7<br><br><br>Related Doc. No.: 66 |

**RESPONSE IN OPPOSITION TO THE TRUSTEE'S MOTION APPROVE SETLEMENT OF THE EXEMPTION OF DEBTOR'S ASSETS**

AND NOW comes Christine Biros ("Biros"), by and through her undersigned counsel, and files this response in opposition to the *Trustee's Motion to Approve Settlement of the Exemption of Debtor's Assets* [Doc. No. 66] (the "Motion") and in support thereof, avers as follows:

**BACKGROUND**

1.  As this Court is aware, the Debtor's bankruptcy case was reopened following the Debtor's failure to disclose the only apparently valuable asset in her estate on her bankruptcy schedules which was an action (the "Action") against U Lock Inc ("U Lock") for an alleged failure of U Lock to pay wages to the Debtor. Not only did the Debtor fail to disclose this asset in her 2018 filing, but she also prosecuted the action without any involvement of, or notice to, her trustee, Charles Zebley, Esq. (the "Trustee").

1

25. Further, to the extent that any such claim of the Debtor is legitimate, the stipulation does not address the potential claim that the Trustee has against U Lock's principals, Kash and George Snyder, pursuant to the Pennsylvania Wage Payment and Collection Law which holds these principals personally liable.

26. Any claim that the Debtor holds against U Lock is a general unsecured claim and it is unlikely that there will be any distribution to U Lock's general unsecured creditors as the case is administratively insolvent.

27. If the Debtor were concerned about actually receiving payment on her alleged claim, she or the Trustee could (and should) proceed directly against George Snyder and/or Kash Snyder. The only conceivable reason why the Debtor has not attempted to proceed against George Snyder and/or Kash Snyder in light of U Lock's bankruptcy and U Lock's bankruptcy being administratively insolvent is that the Debtor has colluded with U Lock, George Snyder, and Kash Snyder in obtaining this Default Judgment against U Lock and these parties seek instead to unlawfully and vexatiously attempt to go after Biros and her Property instead, despite there being no legal basis to do so.

28. It is clear that the Debtor does not intend to pursue Kash Snyder or George Snyder with regard to the Default Judgment and the related unpaid wages, but the Trustee should not be required to give up that potential avenue to receiving payment for the creditors, including his own Administrative Expense claims.

29. Granting the Motion will provide the Debtor with further fuel to proceed with vexatious litigation against Biros, but it will not result in any benefit to the estate.

Dated: December 27, 2022	BERNSTEIN-BURKLEY, P.C.

By: */s/ Sarah E. Wenrich*
Robert S. Bernstein (PA ID No. 34308)
Sarah E. Wenrich (PA ID No. 325834)
601 Grant Street, Floor 9
Pittsburgh, PA 15219
Telephone: (412) 456-8100
Facsimile: (412) 456-8135
rbernstein@bernsteinlaw.com
swenrich@bernsteinlaw.com

*Counsel for Christine Biros*