IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTINE BIROS, ) | |
|     Plaintiff ) | 2:23 cv 00297 |
| ) | |
| v. ) | |
| ) | |
| SHANNI SNYDER et al, ) | |
|     Defendants. ) | **JURY TRIAL DEMANDED** |

## REPLY IN SUPPORT OF THE MOTION TO DISMISS

AND NOW COMES Defendant J. Allen Roth, Esq., and files this, his Reply in Support of the Motion to Dismiss, Motion for Judgment on the Pleadings, or, in the alternative, Motion to Strike redundant, immaterial, impertinent, or scandalous matter:

**INTRODUCTION**

Before the Court is the most novel of RICO actions– a disgruntled litigant, happy with some of the results of litigations, but not happy with the procedural posture of other cases invokes a "conspiracy" to try to dissuade parties and even legal counsel for some of the parties to participate.  Technically, it's a SLAPP (strategic lawsuit against public participation), trying to force the parties to abandon their position.  Indeed, according to the Plaintiff, any action, inaction, claim, or defense that does not align with Christine Biros' legal or distorted factual position constitutes a RICO offense in an of itself.  Worse, defendants George Snyder and Kash Snyder took the same position as Biros that Shanni Snyder may not be a statutory employee, yet she still attacks them under RICO. Legal arguments Ms. Biros won constitute RICO, legal arguments Ms. Biros

litigated and lost, constitute RICO. Legal arguments that Ms. Biros has no standing to chime in on constitute RICO. Obtaining litigation financing constitutes RICO. Filing appeals constitutes RICO. Worse, not filing appeals constitutes RICO. Seeking to reorganize constitutes RICO. A state clerk piling up legal filings and stamping them after the fact constitutes RICO. A litigant who may have engaged in protected conduct by seeking legal advice from someone unknown to Ms. Biros may constitute RICO.

The reaching position of Biros is speculative, dangerous, and would open the door for any litigant to use RICO to gain an advantage in other pending cases through litigious behavior and attrition.

Biros' brief to this Court provides various factual allegations that consist of paraphrasing and misquoting legal pleadings and decisions. *See also* Argument I below. The undersigned suggests that the reason for this is to obtain an opinion that cites their version of facts to then use in other legal proceedings. The Court is advised that Shanni Snyder, in her capacity as assignee of Robert Slone, filed an avoidance action against Ms. Biros. *See* Exhibit 1. This lawsuit will eventually find its way to this Court. Most of the purpose of this action is to prejudice this Court, impugn or obtain contrary facts so that the avoidance action cannot proceed on its merits, but on Ms. Biros' exaggerated and/or misstated paraphrasing of the events and proceedings.

### I. PLAINTIFF FAILED TO PLEAD THE NECESSARY ELEMENTS OF A RICO OR RICO CONSPIRACY

While this Court is required to accept the allegations in Biros' complaint "as true," it is "not compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation.'" *Morrow v. Balaski,* 719 F.3d 160, 165 (3d Cir. 2013), as amended (June 14, 2013) (en banc) (*quoting Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007).

In this case, all of the legal pleadings, most misquoted by Plaintiff, speak for themselves.  For example, Ms. Biros repeatedly states that she has owned the Subject Property since 2015 when, in reality, she provided a loan to U Lock, and the courts transferred the property to Biros as a creditors remedy because the company was insolvent and could not repay her.  *Biros v. U Lock,* 255 A.3d 489 (Pa. Super. 2021).

Other absurdities include page 17 of where Biros recklessly claims that, "to save on gas," the undersigned and Shanni Snyder "head[ed] to the prothonotary's office together."  This Court can take judicial notice that the Courthouse is in Greensburg, the undersigned is located in Latrobe, and Ms. Snyder lives in North Huntingdon.  The Courthouse is between the location of the parties.  That is an example of Biros' fantasy.

These legal pleadings that Biros asserts give rise to a RICO case lack plausibility or actual facts of an enterprise or conspiracy.

Rule 8 requires that a plaintiff plead "enough facts to state a claim to relief that is plausible on its face," in that the well-pleaded factual matter in the complaint "nudge[s] [the plaintiff's] claims across the line from conceivable to

plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). Accordingly, the court may "insist upon some specificity in [the] pleading before allowing" the complaint to survive a motion to dismiss. *Twombly*, 550 U.S. at 558.

To adequately state a claim under Rule 8(a), and survive a motion to dismiss pursuant to Rule 12(b)(6), the complaint must plead sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief." *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)) (citations omitted).

Thus, a pleading is insufficient if it offers only mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action[.]" *Twombly*, 550 U.S. at 555. See also *Iqbal*, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557) (a complaint does not suffice under Rule 8(a) "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.").

II. **BIROS CANNOT USE A RICO LAWSUIT TO ENGAGE IN DISCOVERY IN VIOLATION OF RULE 9'S PARTICULARITY REQUIREMENT**

In this case, Biros suggests her Complaint is actually a vehicle to conduct discovery and investigate. Biros admits, "The depth of involvement of the other Defendants in the predicate acts is <u>unknown</u>, and it may become necessary as discovery proceeds to amend the Complaint to add later-acquired facts regarding further predicate acts by other Defendants." *See Entry 39,* pages 18-19.

The purpose of Rule 9 is to protect defendants from frivolous suits, or "spurious charges of immoral and fraudulent behavior." *Seville Indus. Mach. Corp. v. Southmost Mach. Corp.,* 742 F.2d 786, 791 (3d Cir. 1984).

Describing a mere opportunity for fraud will not suffice. Sufficient facts to establish "a plausible ground for relief" must be alleged. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). Indeed, "[t]he particularity requirement of Rule 9 is a nullity if Plaintiff gets a ticket to the discovery process." *United States ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1359 (11th Cir. 2006).

Because Biros fails to allege a fraud conspiracy with particularity, and her allegations are merely speculative, the RICO and RICO conspiracy lawsuit must be dismissed.

III. **BIROS MISUNDERSTANDS THE "ENTERPRISE" REQUIREMENT**

Citing the definitions of an enterprise within the statute mentioning an "individual," Christine Biros alleges that Shanni Snyder's litigations and positions taken in court constitute an enterprise because U Lock took or did not take actions to oppose her.

As an example, in *Jay E. Hayden Found. v. First Neighbor Bank, N.A.*, 610 F.3d 382, 388 (7th Cir. 2010), the Seventh Circuit found that "just a conspiracy," existed between a judge-executor, lawyers, and a bank and its officers, but it did not constitute an enterprise.

While no conspiracy occurred in this case, and U Lock could have declared bankruptcy on its own without Shanni Snyder, a RICO offense is using an *enterprise* to engage in a pattern of racketeering activity. 18 U.S.C. § 1962(c); *Reves v. Ernst & Young,* 507 U.S. 170, 185, 113 S.Ct. 1163, 122 L.Ed.2d 525 (1993) ("liability depends on showing that the defendants conducted or participated in the conduct of the 'enterprise's affairs,' not just their own affairs"); *Fitzgerald v. Chrysler Corp.*, 116 F.3d 225, 226-27 (7th Cir.1997); *Walter v. Drayson*, 538 F.3d 1244, 1247-48 (9th Cir.2008).

In this case, Biros merely alleges that each party conducted their own affairs in a way that, somehow, caused litigation and attorney fees. This is the crux of the adversarial system of law, not a RICO Enterprise or conspiracy.

Biros failed to show that the actions Shanni Snyder took (litigations) constitutes an Enterprise and she failed to show that U Lock's legal positions, or lack thereof, constitutes participation in the Enterprise.

### IV. BIROS FAILED TO PARTICULARIZE HER DAMAGES CAUSED BY THE RICO

In addition to not addressing many of the issues raised by the undersigned in the motion to dismiss, Biros failed to particularize how the predicate acts caused damage to her. The alleged RICO violation must have proximately

caused the injury in order for the plaintiff to be able to sue under §1964(c). *See Yegiazaryan v. Smakin,* 99 U. S. \_\_\_\_, n.3 (2023), c*iting Holmes v. Securities Investor Protection Corporation,* 503 U. S. 258, 268 (1992); *Anza v. Ideal Steel Supply Corp*., 547 U. S. 451, 457–458 (2006) (describing the proximate causation requirement as a "directness requiremen[t]").

In this case, Biros merely complains about having to participate in litigation without taking responsibility for the conduct of her own attorneys prolonging virtually every aspect of the litigation by exaggerating matters.

### V. THE COURT SHOULD MAINTAIN JURISDICTION OVER THE STATE LAW CLAIMS AND DISMISS THEM FOR FAILURE TO STATE A CLAIM

One thing the undersigned agrees with Biros on is that this Court should retain jurisdiction over the state law claims. Indeed, the undersigned and the other defendants have explained why those claims fail as a matter of law and it is in the best interests of all the parties to adjudicate the deficiencies present so a single appeal can be taken.

### CONCLUSION

This lawsuit constitutes nothing but a vehicle for the Plaintiff to try to obtain discovery and to interfere with the attorney-client privilege between the undersigned and his clients – U Lock Inc., its officers, and successors, and to attempt to gain an upper hand in litigating matters pending in other courts. This action should be dismissed in its entirety as wholly inappropriate and failing to state a claim.

WHEREFORE, Defendant J. Allen Roth, Esq., respectfully demands that this Court dismiss this lawsuit.

Respectfully submitted,

*/s/  J. Allen Roth, Esq.*
J. Allen Roth, Esq. (PA 30347)
805 S. Alexandria Street
Latrobe PA  15650
lawmatters@yahoo.com
(724) 537-0939

COUNSEL FOR DEFENDANT
J. ALLEN ROTH