FILED
6/24/24 2:03 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | Case No. 22-20823-GLT |
| | Chapter 7 |
| **U LOCK, INC.**, | |
| *Debtor.* | Related to Dkt. Nos. 294, 304 |

# ORDER

Following the *sua sponte* denial of *Christine Biros' Motion for Allowance of Administrative Expense Claim Pursuant to 11 U.S.C. § 503(b)(1)* ("*Motion*")[1] as "plainly frivolous,"[2] the Court ordered her and her counsel, Attorney Robert S. Bernstein, to show cause why they should not be sanctioned under Bankruptcy Rule 9011.[3] The Court "[could not] fathom a proper, non-frivolous purpose to the *Motion*" for three reasons.[4] First, the administrative expense requested for the bankruptcy estate's use of Ms. Biros' property utilized a return-on-investment metric, ignoring the value the estate received.[5] Second, the expense calculation lacked a factual basis.[6] Third, at $144,000, the claim was more than twice the value of the estate (i.e., the sale proceeds of the tangible assets stored on the property) and 11 times the Debtor's prepetition annual

---

[1] *Christine Biros' Motion for Allowance of Administrative Expense Claim Pursuant to 11 U.S.C. § 503(b)(1)*, Dkt. No. 258. Unless expressly stated otherwise, all references to "Bankruptcy Code" or to specific sections shall be to the Bankruptcy Reform Act of 1978, as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), Pub. L. No. 109-8, 119 Stat. 23, 11 U.S.C. § 101, *et seq*. All references to "Bankruptcy Rule" shall be to the Federal Rules of Bankruptcy Procedure.

[2] See In re U Lock, Inc., No. 22-20823-GLT, 2023 WL 308210, at *4 (Bankr. W.D. Pa. Jan. 17, 2023).

[3] *Order to Show Cause*, Dkt. No. 294.

[4] In re U Lock, Inc., 2023 WL 308210, at *4.

[5] Id.

[6] Id.

revenue.[7] They timely filed a joint response,[8] and the Court held two hearings on the *Order to Show Cause*.[9]

Although Ms. Biros and Attorney Bernstein insist the *Motion* comports with Bankruptcy Rule 9011, the Court disagrees. Unlike other claims, administrative expenses under section 503(b)(1)(A) are measured by the "benefit to the estate, *not* the loss to the creditor."[10] The single unpublished decision cited (after the fact) to support a return-on-investment approach does not even involve valuing an administrative expense.[11] More critically, no effort was made to defend the specific $144,000 request, leading the Court to conclude their refusal is a concession that it is indefensible. Indeed, the only explanation offered—that it was merely a starting point with room for negotiation—points to an improper litigation tactic.

Ultimately, fault for the *Motion* lies with counsel, rather than client. Attorney Bernstein (the attorney who signed the offending document) should have known the standard for administrative expenses under section 503(b)(1)(A) and that $144,000 was an absurd ask in this case. That said, the Court is confident the lesson has been learned and will not be repeated.

---

[7]    Id. Put differently, the proposed monthly rent substantially exceeded the Debtor's annual revenue.

[8]    *Response of Christine Biros and Robert S. Bernstein, Esq. to Order to Show Cause*, Dkt. No. 304.

[9]    See *Transcript of January 27, 2023 Hearing*, Dkt. No. 316 at 52:17-68:24; *Transcript of April 13, 203 Hearing*, Dkt. No. 377 at 47:19-50:23.

[10]   In re Energy Future Holdings Corp., 990 F.3d 728, 742 (3d Cir. 2021) (quoting Nabors Offshore Corp. v. Whistler Energy II, LLC (In re Whistler Energy II, LLC), 931 F.3d 432, 443 (5th Cir. 2019)) (internal quotation marks omitted, emphasis added)).

[11]   See Geltzer v. Helen-May Holdings, LLC (In re Kollel Mateh Efraim, LLC), 2009 WL 2929430, at *1 (Bankr. S.D.N.Y. Aug. 18, 2009), aff'd, 456 B.R. 185 (S.D.N.Y. 2011).

Therefore, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the *Order to Show Cause* is **RELEASED**.

ENTERED at Pittsburgh, Pennsylvania.

Dated: June 24, 2024

GREGORY L. TADDONIO
CHIEF UNITED STATES BANKRUPTCY JUDGE

3