IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>SHANNI SUE SNYDER,<br><br>    Debtor.<br><hr>CHRISTINE BIROS,<br><br>   Movant,<br><br>v.<br><br>SHANNI SUE SNYDER, CHARLES O. ZEBLEY, as Trustee to the Debtor,<br><br>   Respondents. | Bankruptcy No. 18-21983<br><br>Chapter 7 |

**EXPEDITED MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

CHRISTINE BIROS ("Biros" or "Movant"), by and through Bernstein-Burkley, P.C., its attorneys, files this *Expedited Motion for Relief from the Automatic Stay* (this "Motion"), and in support of this Motion states as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334. These matters are core proceedings pursuant to 28 U.S.C. § 157.

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought in this Motion are sections 105 and 362 of title 11 of the United States Bankruptcy Code (11 U.S.C. § 101, *et seq.*, the "**Bankruptcy Code**"), and Rules 4001, 6007 and 9014 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules").

## PROCEDURAL BACKGROUND

4.  Shanni Sue Snyder ("Shanni" or "Debtor") filed a voluntary petition for relief under Chapter 7 of title 11 of the United States Code on May 15, 2018 at bankruptcy case number 18-21983 (the "Case").

5.  On May 31, 2019, the Debtor received her Chapter 7 discharge and on July 31, 2019, Debtor's case was closed.

6.  The Debtor is the sister of Kash Snyder and George Snyder, the majority shareholders and parties in control of U-Lock Inc. ("U-Lock"), a Chapter 7 debtor whose case is currently pending before this Honorable Court at bankruptcy case number 22-20823 (the "U-Lock Bankruptcy Case").

7.  On April 27, 2022, as a purported creditor of U-Lock, the Debtor filed the involuntary petition against U-Lock commencing the U-Lock Bankruptcy Case. On July 7, 2022, this Case was reopened as a result of a Motion to Reopen filed by Charles O. Zebley, Jr., the Debtor's trustee (the "Trustee") based on a Federal judgment (the "Federal Court Judgment") Debtor obtained for a claim against U Lock which Debtor failed to disclose in her own bankruptcy.

8.  During this hearing on the U-Lock Motion to Dismiss, Debtor admitted she had omitted this claim from her schedule of assets. The Trustee's Motion to Reopen followed and was approved by the Court.

9.  Debtor and Movant both assert interests in the non-residential real property owned by Biros from which U-Lock operated, located at 14140 Route 30, North Huntington, Westmoreland County, PA, with Westmoreland County Tax Map Number of 54-03019-0-103 (the "Property").

10. Debtor's basis for her interest in the Property is a judgment lien transferred to Westmoreland County in connection with her Federal Court Judgment against U Lock. Although Debtor has no claim

against Movant, Debtor filed a praecipe to index *lis pendens* against the Property on or around March 18, 2022 in Westmoreland County (the "Lis Pendens").

11. As discussed *infra,* Movant asserts that this *Lis Pendens* is improper.

12. Movant is the owner of the Property.

13. On December 22, 2022, Biros filed a Motion for Relief from the Automatic Stay with respect to the Property in the U-Lock Bankruptcy Case (the "U-Lock Motion for Relief") on the basis that, *inter alia,* cause exists to grant Biros relief from the automatic stay under both sections 362(d)(1) and (2) of the Bankruptcy Code since Biros is the owner of the Property, is not receiving adequate protection payments for the Property and the Debtor has no equity in the Property.  The Trustee has no need for possession of the Property now that all of the assets of U-Lock have been sold.

14. The U-Lock Motion for Relief is currently pending and is scheduled to be heard on January 20, 2023.

## FACTUAL BACKGROUND

15. Movant advanced the funds for U-Lock to purchase the Property from the prior owners for the aggregate price of $325,316.00 on or around July 16, 2015.

16. On or around July 16, 2015, U-Lock began to operate its business as a storage facility on the Property.

17. Movant filed a Complaint in Civil Action for Declaratory Judgment and Equitable Action to Convey Title, to Quiet Title, and for an Accounting against U-Lock and the prior owners of the Property in the Court of Common Pleas of Westmoreland County (the "State Court") Pennsylvania at No. #4486 of 2017 (the "U-Lock State Court Case").

18. On August 23, 2019, after a trial, the State Court entered a non-jury trial opinion and order (the "August 23 Opinion") which held, in pertinent part, that (I) the Movant is the equitable owner of the

Property and (II) that the imposition of an equitable trust in favor of the Movant and the conveyance of the Property to the Movant was the only equitable solution.

19. On December 9, 2019, the State Court issued another opinion and order (the "December 9 Opinion") to address and correct two factual matters relating to the transfer of the deeds and corrective deeds to U-Lock and to make clear that the Property was never lawfully conveyed to U-Lock. The December 9 Opinion also struck "scandalous and impertinent" allegations from U-Lock's post-trial motion.

20. On May 21, 2021, the Superior Court of Pennsylvania affirmed the decision of the State Court. *See Biros v. U-Lock Inc.*, 255 A.3d 489 (Pa. Super. Ct. 2021).

21. U-Lock filed a petition for allowance of appeal from the order of the Superior Court and, on January 19, 2022, the Pennsylvania Supreme Court denied U-Lock's petition. *See Biros v. U-Lock*, No. 259 WAL 2021, 2022 Pa. LEXIS 77* (Pa. Jan. 19, 2022).

22. The deeds conveying legal title to Movant, dated in May, 2019, which had been held in escrow by the State Court since May, 2019, were released to the Movant by order of the State Court on January 24, 2022 following the Pennsylvania Supreme Court's denial of the appeal and were recorded by the Movant on January 25, 2022. (the "January 24 Order"). A true and correct copy of the January 24, 2022 Order is attached hereto and incorporated herein as **Exhibit A.**

23. In the Debtor's schedule I, she indicated that she was unemployed. In the Debtor's schedule A, the Debtor's only claim "against third parties, whether or not [the Petitioner had] filed a lawsuit or made a demand for payment" was against North Huntington Police Officers in relation to an eviction. *See,* Debtor's Petition, Doc. No. 1.

24. Notwithstanding the Debtor's Voluntary Petition asserting that she was unemployed at least in 2018 and had no potential claims against U-Lock, the Debtor filed a lawsuit on July 14, 2021, in the United States District Court for the Western District of Pennsylvania at case number 21-cv-00904 alleging

that she was owed back wages from U Lock totaling more than $130,000 for alleged shifts worked by the Debtor for U-Lock's business from January 1, 2016 through February 15, 2020 for ten hours a day "each day" and for 7 days a week, mostly spent overnight, monitoring video cameras for U-Lock (the "Federal Court Suit"). The Federal Court Suit included claims for "wages" for periods prior to and including Debtor's Case. A true and correct copy of the Debtor's complaint in the Federal Court Suit is attached hereto as **Exhibit B**.

25. The Federal Court Suit was the first time that there had been any allegations by the Debtor that she had ever even worked for U-Lock.

26. Again, even while having testified that there was no involvement of the Debtor and that she was owed no money by U-Lock, U-Lock failed to respond despite having been served, and the Debtor received default judgment against U-Lock in the Federal Court Suit on October 18, 2021 in the total amount of $263,104.00.

27. During the State Court Case, George Snyder and Kash Snyder provided evidence and testimony that U Lock had no employees and specifically that Debtor was not involved in U Lock's operations. Consequently, it is clear that the Federal Court Suit was improper and contained claims that should have been disputed by U-Lock. Further, U-Lock's 341 meeting held on September 9, 2022 raised more questions than answers as to why U-Lock did not respond to the Debtor's Federal Court Suit and indicated a strong likelihood of collusion between the Debtor and U-Lock's principals, George Snyder and Kash Snyder (who are the siblings of the Debtor).

28. Following the default judgment against U-Lock, the Debtor filed a praecipe to index *lis pendens* on the Property – property owned by the Movant and unlawfully occupied by U-Lock. A true and correct copy of this praecipe to index *lis pendens* is attached hereto as **Exhibit C**.

29. The Debtor was aware of the dispute over who owned the Property and her *Lis Pendens* was a strategy to further muddy the waters in the court system with the intent to harass the Movant.

30. Prior to Debtor filing an involuntary petition for the U-Lock Bankruptcy Case, the Movant filed two Motions in the State Court Case: one for sanctions against U-Lock and its counsel and another for a writ of possession of the Property since U-Lock had failed to vacate the Property.

31. The State Court held a hearing on April 22, 2022 – five days before the Debtor filed the U-Lock Bankruptcy Case – during which the State Court criticized the position taken by U-Lock in relation to the Property, and there was discussion on the record regarding the questionable nature of the Debtor's "claim" against U-Lock. A true and correct copy of the transcript of the April 22, 2022 hearing is attached hereto as **Exhibit __**.

32. A follow-up hearing was scheduled for May 13, 2022 but was cancelled following the Debtor's filing of the involuntary petition in the U-Lock Bankruptcy Case and her filing of a suggestion of bankruptcy in the State Court Case on May 12, 2022.

33. Movant has filed this Motion for Relief from Stay to seek to vacate the Judgment received by the Debtor against U-Lock and to object to the Debtor's claim against U-Lock.

34. Movant recently filed an Action to Quiet Title in the Court of Common Pleas of Westmoreland County to remove the *Lis Pendens* held by the Debtor. There has been no assertion in the Debtor's case that her estate holds any claim against Movant and the *Lis Pendens* was filed long after the Debtor's case was closed, so no stay exists to prevent Movant's Quiet Title action.

35. Accordingly, Movant requests relief from the automatic stay to take the necessary action to vacate the Judgment obtained by the Debtor against U-Lock and to object to Debtor's claim in the U-Lock case.

**RELIEF REQUESTED**

36. Through this Motion, Biros seeks the entry of an order granting her relief from the automatic stay to (a) seek to vacate the Judgment and (b) object to Debtor's claim in the U-Lock case.

37. Section 362(a) of the Bankruptcy Code defines the scope of the automatic stay and provides, in pertinent part:

> [A] petition filed under…this title…operates as a stay…of –
>
> (1)  The commencement…of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
>
> * * *
>
> (3)  Any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate.

11 U.S.C. § 362(a)(1),(3).

38. Section 362(d) of the Bankruptcy Code provides, in pertinent part:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying or conditioning such stay –
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
> (2) with respect to a stay of an act against property under subsection (a), if –
>    (A) the debtor does not have an equity in such property; and
>    (B) Such property is not necessary to an effective reorganization[.]

11 U.S.C. §362(d).

39. Section 362(d) of the Bankruptcy Code is written in the disjunctive and authorizes relief from stay if a secured creditor can either show cause or establish that the debtor has no equity in the property and that the property is not necessary to an effective reorganization. *See Nazareth National Bank v. Trina-Dee, Inc.*, 731 F.2d 170, 171 (3d Cir.1984). "Cause" under section 362(d)(1) of the Bankruptcy Code is not defined, so courts must decide what constitutes cause on a case-by-case basis. *See In re Robbins*, 964 F.2d 342, 345 (4th Cir. 1992).

40. Biros asserts that the Debtor's fraudulent actions warrant cause to grant relief from stay to pursue the necessary actions against the Debtor. This is especially true in light of the fact that the *Trustee's Motion to Approve Settlement of the Exemption of Debtor's Assets* [Doc. No. 66] (the "Trustee's Motion") seeks to provide the Debtor with a windfall and reward her for her lack of candor with this Court while also limiting Trustee's ability to pursue certain avenues for payment to the Debtor's creditors.

41. Biros is a claimant of U-Lock and the Debtor's attempted recovery against U-Lock has a direct impact on Biros.

42. Additionally, the facts and circumstances set forth above and within Biros' response in opposition to the Trustee's Motion, which will be filed simultaneously herewith, demonstrate the importance of further investigation of the Federal Court Judgment obtained by the Debtor against U-Lock.

43. To deny Biros from seeking to vacate that Federal Court Judgment would enable the Debtor and her family to continue to benefit from years of a carefully crafted web of fraud.

44. The Debtor's misfeasance and continued post-petition harassment of Biros, in conjunction with the evidence of rampant fraud, amounts to cause for relief from the automatic stay pursuant to section 362(d)(1) of the Bankruptcy Code.

45. Therefore, Movant respectfully requests that the Court grant it relief from the automatic stay to pursue her claims in State Court, void the *Lis Pendens*, and take the necessary action to vacate the Judgment obtained by the Debtor against U-Lock.

## WAIVER OF 14-DAY STAY OF EFFECTIVENESS OF THE ORDER

46. Movant also requests that the Court waive the fourteen (14) day stay imposed by Bankruptcy Rule 4001(a)(3) because the Debtor has already received a substantial benefit from the stay and the Debtor's

continued harassment of Biros gives rise to a need to act quickly to minimize further damage caused by the Debtor.

47. Bankruptcy Rule 4001(a)(3) provides that "[a]n order granting a motion for relief from an automatic stay…is stayed until the expiration of 14 days after the entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 4001(a)(3).

## REQUEST FOR EXPEDITED HEARING

48. Pursuant to Local Bankruptcy rule 9013-2, the Movant respectfully requests that this Court schedule a hearing on the within Motion on an expedited basis.

49. Cause exists to expedite the hearing as the *Trustee's Motion to Approve Settlement of the Exemption of Debtor's Assets* [Doc. No. 66] (the "Trustee Motion") is set for hearing on January 17, 2023 at 1:30 pm. This Motion and the Movant's response in opposition to the Trustee Motion have significant overlap in facts and hearing the matters together will preserve resources of the Debtor, the Trustee, and this Court such that hearing this Motion at the same time as the Trustee Motion is the most practical approach. Additionally, setting the hearing for January 17, 2023 provides the respondents with adequate time to respond to the Motion and prepare for a hearing.

50. If this Motion is not heard at the same time as the Trustee Motion, the Court and the parties in interest will be required to spend additional time and resources in addressing substantially similar issues and facts.

51. The need to expedite the hearing on the within Motion is through no fault of the Movant or her attorneys, but has been brought about by the Trustee Motion and the implications of the same.

## RESERVATION OF RIGHTS

52. Movant specifically reserves her rights to request approval and payment of any claims, including administrative claim(s) pursuant to section 503(b) of the Bankruptcy Code, and to seek any other relief available under, *inter alia*, the Bankruptcy Code, or applicable non-bankruptcy law.

WHEREFORE, Christine Biros respectfully requests the entry of an Order (i) setting the Motion for Hearing on January 17, 2023 at 1:30 pm, and (ii) granting the relief requested in this Motion.

Dated: December 27, 2022                                BERNSTEIN-BURKLEY, P.C.

By: */s/ Robert S. Bernstein*
Robert S. Bernstein (PA ID No. 34308)
Lara S. Martin (PA ID No. 307272)
601 Grant Street, Floor 9
Pittsburgh, PA 15219
Telephone: (412) 456-8108
Facsimile: (412) 456-8135
rbernstein@bernsteinlaw.com
lmartin@bernsteinlaw.com

*Counsel for Christine Biros*