IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTINE BIROS, | ) | 2:23-cv-00297 RJC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| SHANNI SNYDER, et al, | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION TO DISMISS; AND, MEMORANDUM IN SUPPORT**

Defendant Shanni Snyder, *pro se*, moves this Court pursuant to Federal Rule of Civil Procedure 12 to dismiss the Amended Complaint:

I.   **Defendant Shanni Snyder Incorporates the Other Motions to Dismiss**

Defendant Shanni Snyder incorporates the motions to dismiss filed by the other defendants.  As this Court sees from the Complaint and the motions to dismiss, the Plaintiff alleges that Shanni Snyder operates an enterprise consisting of Shanni Snyder.  Obviously, this legal dispute amongst the parties does not give rise to RICO.  All of the raised arguments relating to RICO and RICO Conspiracy equally apply to Count I and well as Count II.

II.  **This Lawsuit Constitutes Retaliation in Contravention of the FLSA and this Use RICO to Retaliate is Incompatible with the FLSA**

Section 15(a)(3) of the FLSA states that it is a violation for any person to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be

instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee." *See* 29 USC 215(a)(3).

The Third Circuit explained, "Congress included in the FLSA an antiretaliation provision . . . to encourage employees to assert their rights without 'fear of economic retaliation [which] might often operate to induce aggrieved employees to quietly accept substandard conditions," that the FLSA "must not be interpreted or applied in a narrow, grudging manner." *Uronis v. Cabot Oil,* 49 F.4th 263, 269 (3d Cir. 2022).  The FLSA protects employees who have "filed any complaint." *Id.*

Because section 15(a)(3) prohibits "any person" from retaliating against "any employee", the protection applies to all employees of an employer even in those instances in which the employee's work and the employer are not covered by the FLSA.  Section 15(a)(3) also applies in situations where there is no current employment relationship between the parties; for example, it protects an employee from retaliation by a former employer.  *See* Exhibit A, U.S. Department of Labor Fact Sheet 77a.

The Plaintiff was a silent partner and/or control creditor of the employer.  Even if Plaintiff is correct that errors were made under the FLSA's interpretation, the agency interpretation, which is a reasonable standard, explains that it applies to all employees even if not covered by the FLSA.

As labor disputes are governed by the FLSA, to the extent the Plaintiff seeks to use RICO to overturn or retaliate against Snyder, RICO is incompatible and preempted by the FLSA.  *Danielson v. Burnside–Ott Aviation, Training Center*, 746 F. Supp. 170 (D.D.C. 1990); (RICO claims

preempted by the Service Contract Act); *Norman v. Niagara Mohawk Power Corp.*, 873 F.2d 634, 637–638 (2nd Cir.1989) (RICO claim dismissed where Energy Reorganization Act provided exclusive remedy for plaintiff's claims); *Bodimetric Health Servs., Inc. v. Aetna Life & Casualty*, 903 F.2d 480, 486–87 (7th Cir. 1990) (RICO claim preempted by the Social Security Act's administrative benefits determination procedure).

An employee cannot invoke RICO where the FLSA applies, *Choimbol v. Fairfield Resorts, Inc.*, 2006 WL 2631791, at *7 (E.D. Va. Sept. 11, 2006); *DeSilva v. N. Shore–Long Island Jewish Health Sys., Inc.*, 770 F. Supp. 2d 497, 515 (E.D.N.Y. 2011); *Eldred v. Comforce Corp.*, 2010 WL 812698, at *10 (N.D.N.Y. Mar. 2, 2010), so certainly a person cannot use RICO to retaliate in contravention of the FLSA.

Because allowing a partner or control creditor of an employer to retaliate using RICO in contravention of 29 USC 215(a)(3) is incompatible with the provisions of the FLSA, allowing this RICO action to move forward appears improper at best.

Additionally, the common law claims also constitute retaliation and are preempted and prohibited by 29 USC 215(a)(3).

### III.   The Slander to Title Claim Lacks Essential Elements and Constitutes Retaliation

As explained above, the FSLA prevents retaliation for filing complaints (or derivative judgments) from wage matters.  As the Plaintiff's Complaint admits, Shanni Snyder's FLSA judgment created certain lien rights. Therefore, by Plaintiff's own admission, a plausible theory for a *lis pendens*

existed at the time of filing.  The Court must remember, a *lis pendens* does nothing.

Disparagement of title is the false and malicious representation of the title or quality of another's interest in goods or property. *Triester v. 191 Tenants Association,* 272 Pa. Super. 271, 277, 415 A.2d 698, 701 (1979). In order to prevail in an action for slander of title, a plaintiff must show malice by the defendant. *Hygienic Fleeced Underwear Co. v. Way,* 35 Pa. Super. 229 (1908). Malice may be understood as the lack of good faith belief in the right to publish the allegedly slanderous utterance. *Id.* at 233.

A person is conditionally privileged to disparage another's property in land, chattels or intangible things by an assertion of an inconsistent legally protected interest in himself. *See* Restatement, Second, Torts § 647 (1977). Comment (b) to section 650A of the Restatement explains the meaning of "malice" required for a finding of an abuse of that conditional privilege. That comment states:

> The exception stated in § 647 deals with the conditional privilege of a rival claimant to disparage another's property by an honest assertion of his own claim, even though he has no reasonable ground for believing his claim to be valid. Since the privilege itself extends to an action based upon a reasonable belief, it is not abused when the publication is made without reasonable grounds for belief in its truth, but is abused only when the claimant does not believe honestly or in good faith believe that there is a substantial chance of his claim being sustained.

A *lis pendens* does nothing more than perpetuate notice to third parties that the property is subject to litigation. Contrary to Biros' assertion, the *lis pendens* does not command or prevent any action from any party. *Barak v. Karolizki,* 196 A3d 208, 221-22 (Pa.Super. 2018).  Nor does a *lis*

*pendens,* in and of itself, prevent the owner from selling or disposing of the property. A *lis pendens* is nothing more than notice to potential buyers that the result of a pending lawsuit may potentially affect their interest in a property. *See id.* at 221.

Therefore, Biros cannot proceed on the slander to title claim.

## IV.   <u>Conclusion</u>

For the reasons set forth by the other defendants, and because this lawsuit constitutes retaliation in contravention of 29 USC 215(a)(3), the action must be dismissed with prejudice.

Respectfully submitted,

*/s/  Shanni Snyder*
Shanni Snyder
14390 Route 30
Irwin PA  15642
shannis@pm.me

DEFENDANT