IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTINE BIROS, )<br>       Plaintiff ) | 2:23 cv 00297 |
| )<br>v. )<br>) | |
| SHANNI SNYDER et al, )<br>       Defendants. ) | |

**REPLY BRIEF IN SUPPORT OF THE MOTION TO DISMISS AMENDED COMPLAINT, MOTION FOR JUDGMENT ON THE PLEADINGS, AND MOTION TO STRIKE REDUNDANT, IMMATERIAL, IMPERTINENT, OR SCANDALOUS MATERIAL**

AND NOW COMES Defendant J. Allen Roth, Esq., and files this, his Brief in Support of the Motion to Dismiss, Motion for Judgment on the Pleadings, or, in the alternative, Motion to Strike redundant, immaterial, impertinent, or scandalous matter.

### I. BIROS FAILS TO SHOW THAT THIS COURT SHOULD CONTINUE THE "ENDLESS SLOG OF LITIGATION" THROUGH RICO

Biros cites this Court's opinion in *Sparks v. Speedy Kleene*, 2020 U.S. Dist. Lexis 130427 *12-13 (W.D.Pa. 2020) to suggest that this Court should ignore non-appealed findings of fact that she herself substantially increased the cost of litigation in the lawsuits she sues over where her damages are attorney fees. *Speedy Kleene* referred to unsubstantiated attacks on a party and did not involve a case where a party actually sued because of litigations and sought damages comprised of attorney fees invoking RICO.

The defect with Biros' continuation of the "endless slog of litigation" is that RICO is not supposed to be used for this purpose – especially where Biros herself engaged in the same conduct she complains about.

Most courts have concluded "that various actions in litigation could be the substance of malicious prosecution torts but could not sustain RICO liability." *Snow Ingredients, Inc. v. SnoWizard, Inc.*, 833 F.3d 512, 525 (5th Cir. 2016). "[T]he fact remains that litigation is as American as apple pie. If a suit is groundless or filed in bad faith, the law of torts may provide a remedy. Resort to a federal criminal statute is unnecessary." *I.S. Joseph Company, Inc. v. J. Lauritzen A/S*, 751 F.2d 265, 267-68 (8th Cir. 1984).

To allow this type of RICO "would result in the inundation of federal courts with civil RICO actions that could potentially subsume all other state and federal litigation in an endless cycle where any victorious litigant immediately sues opponents for RICO violations." *Curtis & Assocs., P.C. v. L. Offs. of David M. Bushman, Esq.*, 758 F. Supp. 2d 153, 173 (E.D.N.Y. 2010).

The RICO statute provides for private enforcement actions and treble damages, which can be threats that chill the right to petition the courts. See *Int'l Bhd. of Teamsters, Loc. 734 Health & Welfare Tr. Fund v. Philip Morris Inc.*, 196 F.3d 818, 826 (7th Cir. 1999) (Easterbrook, J.) (applying the antitrust *Noerr-Pennington* doctrine to RICO claims); *Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 933-42 (9th Cir. 2006) (same).

Indeed, "allegations of mail fraud [were], in fact, merely artfully pled claims of malicious prosecution," and that such claims could not serve as RICO predicates. *Auburn Med. Ctr., Inc. v. Andrus*, 9 F.Supp.2d 1291, 1297–99 (M.D. Ala. 1998).

Yet, that is what we have here– a disgruntled and sanctioned litigant interposing a RICO lawsuit to recover attorney fees that her legal counsel churned in this litigation.

## II. THE AMENDED COMPLAINT FAILS TO SHOW A RICO ENTERPRISE

Biros continues to press the 1988 tax scheme by the parents of Shanni Snyder to assert a RICO enterprise when Ms. Snyder was still a minor child and Kash and George Snyder may have either been 17 years old or just turned 18.  In other words, a tax scheme by non-parties occurring 36 years ago is the basis of the allegation of the Biros' claim to an "enterprise."  Similarly, the separate claim of a litigation by family members of Shanni Snyder occurring some 20 years ago constitutes the next claim that there exists an enterprise.

RICO requires an enterprise, not acts of an individual.  "A 'person' and an 'enterprise' that is not simply the same 'person' referred to by a different name."  *Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158, 161 (2001).

The enterprise is "proved by evidence of an ongoing organization . . . and by evidence that various associates function as a continuing unit," while the pattern of racketeering activity is proved by evidence of at least two racketeering acts committed by participants in the enterprise.  *United States v. Turkette*, 452 U.S. 576, 583 (1981).

In the present case, Biros merely regurgitates litigations that make it appear that non-parties, and sometimes parties, engaged in litigation tactics that are viewed as improper.  However, they do not give rise to RICO.

## III. BIROS IS WRONG THAT THE ORDER FOR RELIEF DOES NOT PRECLUDE HER CLAIMS

Biros asserts that even though she moved to dismiss the bankruptcy case for fraud before the Order for Relief, and despite her not appealing the Order for Relief, it does not

preclude her from asserting that the bankruptcy case itself constituted some RICO element of "bankruptcy fraud."

In *Continental Illinois Nat. Bank and Trust Co. of Chicago v. Windham,* 668 F.Supp. 57 (E.D. Tex. 1987), citing *Mason v. Integrity Insurance Co.,* 709 F.2d 1313 (9th Cir.1983), the district court thoroughly analyzed the *res judicata* effect of an Order for Relief and found that a claim within the involuntary petition could not be attacked as invalid or subject to a *bona fide* dispute.  Otherwise, the bankruptcy court could not have granted the petition.

Similarly, in *In re Centre de Tricots De Gaspe, Ltee.,* 10 B.R. 148, 149 (Bk. S. Fl. 1981), the bankruptcy court found that an Order for Relief constituted *res judicata* as to the alleged bad faith of the petition.  Specifically, it stated, "The principle of *res judicata* also bars the Plaintiffs from re-litigating the Defendants alleged 'bad faith' in instituting the involuntary bankruptcy proceedings. The Plaintiffs' responses to the involuntary petitions raised the same basic issues of bad faith and illegality of the Defendants' acts."  In that case, the Order for Relief was taken by default and the court noted that no appeal was taken, similar to what occurred here in the bankruptcy court where Biros appeared and pled bad faith and fraud.

IV. **BIROS FAILED TO SHOW SHE CAN BRING A CLAIM FOR RICO TO ACHIEVE DAMAGES FOR HER LITIGATION ATTORNEY FEES**

Biros asserts she has standing to bring this RICO because the actions of the so-called Enterprise caused her damage.  However, the damage she claims to have been caused is having to engage in litigation and incurring attorney fees from that litigation.  In *Hemi Group LLC v. City of New Tork,*  559 U.S. 1 (2010), the Supreme Court made it clear that:  To establish that an injury came about "by reason of" a RICO violation, a plaintiff must

show that a predicate offense "not only was a `but for' cause of his injury, but was the proximate cause as well." *Holmes v. Securities Investor Protection Corporation,* 503 U.S. 258, 268 (1992). Proximate cause for RICO purposes should be evaluated in light of its common-law foundations; it thus requires "some direct relation between the injury asserted and the injurious conduct alleged." *Ibid.* A link that is "too remote," "purely contingent," or "indirec[t]" is insufficient. *Id.,* at 271, 274.

In this case, Biros' claims are clearly "too remote," "purely contingent," and "indirect." In other words, she suffered no direct harm and her attorney fees are personal injuries caused by what she perceives as an abuse of process.

V.  **CONCLUSION**

Based on the above, and the brief in support of the motion to dismiss, this case must be dismissed with prejudice.

    Respectfully submitted,

*/s/ J. Allen Roth, Esq.*
J. Allen Roth, Esq. (PA 30347)
805 S. Alexandria Street
Latrobe PA  15650
lawmatters@yahoo.com
(724) 537-0939

COUNSEL FOR DEFENDANT
J. ALLEN ROTH